STATE OF NEBRASKA, APPELLEE, v. JETHRO BARNES, APPELLANT.

176 N. W. 2d 18

Filed March 27, 1970. No. 37350.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant in this case was charged with robbing one Stephen Vern Carlson of property of value by force and violence, and by putting him in fear, with intent to rob and steal. The jury returned a verdict of guilty and defendant was sentenced to serve a term of 5 years in the Nebraska Penal and Correctional Complex. The defendant has appealed.

The evidence shows that defendant went to the home of Joseph L. Williams at about 10 p.m., on February 4, 1969, accompanied by Williams and Eleanor Moore. The evidence of all three is that defendant and Williams commenced drinking intoxicating liquor. Defendant testified that he drank many drinks and many kinds of drinks, including whiskey and 2 or 3 ounces of Romilar RCF, a nonprescription cough syrup. Williams testified that he called a cab about 2:30 a.m., and that he helped or carried defendant to the cab at about 3 a.m. because he was so drunk that he could not stand or walk by himself.

Carlson, the cab driver, testified that he answered the call for a cab, that defendant entered the cab, and the other man seen at the door went back into the house. Carlson said he opened the door from the inside and defendant sat down in the back seat. Defendant asked him to write down the address where he entered the cab and Carlson wrote it down and gave it to him. It was later found on his person by the police. Carlson asked where he wanted to go and defendant gave him two or three different addresses. After some driving, defendant asked to be let out at 2407 Brown Street.

The cab stopped at that address. Defendant asked if Carlson knew what he had in his pocket. Carlson said he imagined it was a gun. Defendant said, "Yes. You know what I want now, don't you?" Carlson said, "I suppose you want my money." Defendant said, "Yes. * * * Lots of it." He had told Carlson that he had a .38 caliber pistol. Carlson gave him his money. He handed it back over his shoulder, dropping some of the bills on the floor. While defendant was picking up the money, Carlson took the keys from the cab, jumped out, ran to his home close by, and reported the robbery. On his return to the cab the police were there. Carlson testified that defendant appeared to be drunk but he smelled no odor of liquor.

Defendant testified that he had no recollection of anything that happened from the time the cab was called until after he was in the police station.

Defendant called Williams as his first witness. Williams testified on cross-examination that he was 20 years of age and resided at 2522 Saratoga, the place where the drinking occurred just prior to defendant's arrest. He stated that he was presently living temporarily with his mother at 2865 Bristol. He was then asked: "Q. Where are you living now? A. At 2522 Saratoga. Q. Where did you sleep last night, Joe? A Last night? Q. Yes. A. Upstairs in the County Jail. Q. How long have you been in County Jail? MR. MONTAG: Outside of direct examination. THE COURT: I am going to allow it for the purpose of showing interest. You may proceed. THE WITNESS: Over 84 days. BY MR. CORRIGAN: Q. Can you tell me what day you started living there? THE COURT: I think I will stop it right now. I will sustain the objection. BY MR. CORRIGAN: Q. How long has Jethro Barnes been in the County Jail? MR. MONTAG: I object. THE COURT: He may answer. THE WITNESS: I don't know. * * * Q. How long have you known Jethro? * * * where did you know him from? A. I was in the Boys

Training School with him. Q. Are you fairly close friends? A. Not fairly close." It is the contention of the defendant that the foregoing evidence constituted prejudicial error.

It is the contention of defendant that evidence of defendant's previous incarceration in jail or a juvenile detention center is inadmissible unless the defendant has first placed his character in issue, is incident to the establishment of a prior felony conviction or some other fact relevant to the issues, and then only if its relevancy outweighs its prejudicial effect. The case is unusual in that the claimed error arose out of the cross-examination of a defendant's witness and not the cross-examination of the defendant himself. The State, in cross-examining the witness Williams, attempted to show Williams' close relationship with the defendant. The cross-examination developed that Williams was in the county jail during the time that defendant was being held for trial in the instant case. Williams testified that there was no discussion of the instant case while he and defendant were in the county jail.

When Williams was asked how long he had been in the county jail, defendant objected that the question was outside the direct examination. No other objection was ever made and, particularly, no objection was ever made on the ground here assigned as error. Defendant cites Latham v. State, 152 Neb. 113, 40 N. W. 2d 522, in support of his contention. In that case defendant admitted on cross-examination that he had been convicted of felonies on four previous occasions which was proper. The State pursued the matter further by inquiring into the nature of the crimes and the duration of the sentences which was improper and to which no objections were made. The court said: "Defendant failed to properly or sufficiently challenge by objection the cross-examination. His claim of error because of the cross-examination is without substance." In Rimpley v. State, 169 Neb. 171, 98 N. W. 2d 868, a similar case,

this court said: "Error may not be claimed because of the nature of cross-examination if it was not on the trial challenged by timely and proper objection thereto." We fail to see, in any event, how the evidence of Williams that he, Williams, had been in jail for 84 days was prejudicial to the defendant. The fact that a defendant in a criminal case spent time in jail awaiting the trial is a matter of common knowledge to the jury and creates no inference of other crimes within the meaning of the rule. The statement by Williams that he had first met the defendant in the Boys' Training School, without objection to the question or a motion to strike the answer, is so wanting in prejudice to defendant's right to a fair trial, as to furnish no basis for a reversal. The defendant is entitled to a fair and impartial trial, but not a perfect one.

The primary issue here is whether the evidence is sufficient to sustain a verdict of guilty. The defendant contends that he was so intoxicated that he was wholly deprived of reason and the intent necessary to commit the crime charged as a matter of law. The evidence shows that defendant had been drinking intoxicating liquors for a considerable period of time before the robbery. Witnesses for the State and defendant are in agreement that defendant appeared to be intoxicated. Voluntary intoxication is ordinarily no excuse or justification for the commission of crime. Excessive intoxication may prevent deliberation or the formation of a criminal intent. Whether excessive intoxication is such as to prevent a defendant from formulating criminal intent is a question of fact to be determined from the evidence and surrounding circumstances and therefore for the jury. The jury was properly instructed on the effect of excessive intoxication and the jury determined the question adversely to the defendant. Even though the evidence established without doubt that defendant was intoxicated, it is for the jury to determine if defendant was capable of deliberation or of forming the intent

to commit the crime charged. State v. Brown, 174 Neb. 393, 118 N. W. 2d 332; Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761.

We find no prejudicial error in the record and the judgment is affirmed.

AFFIRMED.