STATE OF NEBRASKA, APPELLEE, V. DANIEL L. COLEMAN, APPELLANT.

246 N. W. 2d 61

Filed October 13, 1976. No. 40535.

Walter J. Matejka, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was found guilty of burglary by a jury and sentenced to 3 to 5 years imprisonment.

On June 9, 1975, the defendant began drinking about noon. He testified that he remembers nothing from a point in the early evening until he woke up in the police station the next morning. At about 1:30 a. m., the defendant was seen by several witnesses in front of a bar and grill in downtown Omaha. He appeared to be in an intoxicated stupor. An acquaintance of the defendant could not rouse him from the stupor but turned off the lights and engine of defendant's pick-up, which was parked in front of the bar and grill. About 2 a. m., police officers saw someone inside the bar and grill, discovered the window in the front door had been broken, and entered the bar and grill. The food freezer was open. Food was strewn about and a gunny sack similar to a sack in the defendant's truck was found by the rear door. The officers found the defendant sitting on the floor with a towel over his head. The defendant had a flashlight from which the batteries were missing, and had a cut on his hand which matched a slit in a pair of gloves found at the scene. The defendant admitted the gloves were his. The flashlight batteries were found underneath shelves in the pantry where the defendant was found. The defendant responded to orders from the of-

ficers to get up and he sat at a table while the officers completed the investigation. At the police station at about 4 a. m. one of the same officers testified that the defendant was drunk and unconscious and could not be revived.

Defendant contends that he was so intoxicated that he was incapable of the necessary criminal intent, and that the evidence was therefore unsufficient to support the verdict as a matter of law.

The jury was properly instructed on the effect of excessive intoxication and there was no objection to any of the instructions. The jury determined the issues adversely to the defendant.

Whether excessive intoxication is such as to prevent a defendant from formulating criminal intent is to be determined from the evidence and surrounding circumstances and is therefore for the jury. Even though the evidence established without doubt that the defendant was intoxicated, it is for the jury to determine whether the defendant was capable of deliberation or of forming the intent to commit the crime charged. State v. Barnes, 185 Neb. 384, 176 N. W. 2d 18.

The verdict of a jury must be sustained if, taking the view most favorable to the State, there is substantial evidence to support it. State v. Foster, *ante* p. 332, 242 N. W. 2d 876.

The defendant also contends that his sentence is excessive. The presentence investigation report reveals an extensive prior record, including a previous conviction for burglary. A sentence within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Wright, *ante* p. 377, 243 N. W. 2d 66. There was no abuse of discretion here.

The judgment and sentence of the District Court are affirmed.

AFFIRMED.