STATE OF NEBRASKA, APPELLEE, V. PAUL JOHN JOHNSEN, APPELLANT.

247 N. W. 2d 638

Filed December 15, 1976. No. 40772.

Walter J. Matejka and William E. Pfeiffer, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

McCOWN, J.

The defendant was charged with stabbing with intent to wound or maim in violation of section 28-410, R. R. S. 1943. The jury found the defendant guilty of the lesser offense of assault with intent to inflict great bodily injury. The defendant was sentenced to 2 years imprisonment.

On the evening of August 14, 1975, after a softball game, Harmon Maples and several fellow ball players went to a southwest Omaha bar. After a few hours of drinking at that bar, some of them decided to go to another bar and lounge in Sarpy County. They arrived at the Cabay Lounge about midnight, ordered beer, and proceeded to create a general disturbance with their loud and vulgar behavior. The defendant, Paul Johnsen, who had come into the bar just before Maples and his friends arrived, was sitting at the bar. Maples left his companions and went up to the defendant at the bar. A fight started. According to Maples' testimony, the defendant had been staring at him and when Maples asked the defendant what his problem was, the defendant hit him in the head with a hard object and he does not remember much after that. According to defendant's testimony, he told Maples to watch his language. Maples' friends came over. Someone took a swing at the defendant. The defendant swung back and the next thing he knew he was on the floor being kicked in the ribs and choked.

The witnesses generally agreed that the fight started between Maples and the defendant, and that some of Maples' friends went to his assistance. One of the bar patrons finally broke up the fight and picked Maples up off the floor. Some of Maples' friends started to assist

him to the door and discovered that he had been stabbed in the chest and was bleeding badly. When they got outside they met two police officers coming to investigate the disturbance. The officers ascertained that Maples had wounds on his chest and abdomen and sent him to the hospital while everyone else was held for questioning.

One of Maples' friends told the officers, and later testified, that within 15 to 30 seconds after the fight had been broken up he observed the defendant standing by a fireplace in the bar with a knife in his right hand. After interviewing the witnesses, the officers proceeded to search the area and the patrons for the knife involved. The knife was never found but a broken ashtray was found on the floor.

Maples spent 11 days in the hospital. He had suffered a concussion and stab wounds. The defendant was charged with stabbing with intent to wound or maim. A jury trial was held. At the conclusion of the evidence the jury was properly instructed on the essential elements of the offense charged as well as the essential elements of the lesser offenses of assault with intent to inflict great bodily injury and assault and battery. The defendant was found guilty of the offense of assault with intent to inflict great bodily injury and was sentenced to 2 years imprisonment.

The defendant contends that the evidence is insufficient to sustain a conviction for the offense of stabbing with intent to wound or maim, and that he was entitled to a directed verdict. The argument ignores the fact that defendant was not found guilty of that charge but instead was convicted of the lesser offense of assault with intent to inflict great bodily injury.

The rule in Nebraska is that when some of the elements of the crime charged in the information, without the addition of any elements irrelevant to the original charge, may constitute another crime or crimes, such other crime or crimes are included within the crime

charged. State v. McClarity, 180 Neb. 246, 142 N. W. 2d 152.

Assault and battery is included within a charge of shooting with intent to wound. Moore v. State, 147 Neb. 390, 23 N. W. 2d 552. It is clear that where a higher crime fully embraces all the ingredients of a lesser offense, and when the evidence requires it, the jury may convict a defendant of the lesser offense. Assault with intent to inflict great bodily injury is included within a charge of stabbing with intent to wound or maim. In this case the jury was properly instructed on the essential elements of the offense of stabbing with intent to wound or maim, as well as on the essential elements of the offense of assault with intent to inflict great bodily injury and the essential elements of the offense of assault and battery. There was and is no objection to those instructions. Under such circumstances the sufficiency of the evidence must be determined with reference to the specific offense for which the defendant was convicted.

In this case the evidence was clearly sufficient to support the jury verdict on the offense of assault with intent to inflict great bodily injury. Obviously there was an assault and the criminal intent is to be determined from the evidence and surrounding circumstances and is, therefore, for the jury. State v. Lang, *ante* p. 47, 246 N. W. 2d 608. The verdict of a jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. Coleman, 196 Neb. 721, 246 N. W. 2d 61.

AFFIRMED.