STATE OF NEBRASKA, APPELLEE, V. GILBERT L. KELLEY, APPELLANT.

255 N. W. 2d 840

Filed July 6, 1977. No. 41105.

Padley & Dudden and James M. Tyler, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

The principal issue raised on this appeal and the one which is determinative hereof is whether the statutory requirements directing that a motion for new trial must be filed within 10 days "after the verdict . . . was rendered" are violative of the provisions of Article I, section 23, of the Nebraska Constitution, which provides in part: "In all cases of felony the defendant shall have the right of appeal to the Supreme Court"; or of the due process provisions of the Constitutions of the United States and the State of Nebraska. Specifically, the defendant argues that sections 25-1143 and 29-2103, R. R. S. 1943, are unconstitutional. Both statutes contain similar provisions.

Apparently, the defendant's argument is that under the provisions of Article I, section 23, of the Nebraska Constitution, any procedural requirements which in any way conditions the extent of appellate review is unconstitutional. However, he cites no authority supporting this view.

Before resolving the issue, we will first summarize the factual background under which the case and issue arise. On July 7, 1976, the jury returned a verdict finding the defendant guilty of three counts of forgery. The verdicts were accepted by the court and filed on the same day. No motion for new trial was filed within 10 days after the verdict as provided by the pertinent statute. On October 4, 1976, following a pretrial investigation, the defendant was sentenced by the court on each count to terms of 1½ to 3 years in the Nebraska Penal and Correctional Complex, the terms to be served concurrently. On October 4, 1976, the defendant filed a motion for a new trial and on October 5, 1976, he filed an amended motion for a new trial. The amended motion alleged the following grounds:

"1. That the verdict on all three Counts is contrary to the evidence.

"2. That the verdict on all three counts is contrary to the law.

"3. That the sentence is excessive.

"4. That the sentence is contrary to law.

"5. That the sentence is imposed with respect to matters not contained in the complaint or information and with respect to matters about which the Defendant was not tried.

"6. That the period of time between the judgment of the jury and the judgment of the Court denied the Defendant due process of law, constituted cruel and unusual punishment forbid by the U. S. Constitution, denied the Defendant his Sixth Amendment rights as provided by the U. S. Constitution, and violated the Defendants rights as granted by the Nebraska Constituion, Article I, Sections: . . . 23."

On October 5, 1976, the trial court quashed grounds 1 and 2 and overruled the motion insofar as it pertained to the other grounds stated. On October 5, 1976, the defendant filed his notice of appeal.

It is first to be noted that the failure of a defendant

in a criminal case to file a timely motion for a new trial does not prevent an appeal. Section 25-1912, R. R. S. 1943, provides in part: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors under the criminal code, shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal signed by the appellant or appellants or his or their attorney of record, and, except as otherwise provided in section 29-2306, by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court." Section 29-2306, R. R. S. 1943, contains an exception, eliminating the necessity of payment of docket fees where the appeal is in forma pauperis. The failure to file a timely motion for a new trial does limit the scope of review in the Supreme Court by preventing us from reviewing trial errors not called to the attention of the trial judge by a motion for a new trial. Such motion need be only in the broad language of the provisions of section 25-1142, R. R. S. 1943, except that specific attention must be called to errors in instructions. State v. Allen, 195 Neb. 560, 239 N. W. 2d 272; State v. Lytle, 194 Neb. 353, 231 N. W. 2d 681.

The defendant has assigned several errors, but we note here that it is necessary only for us to determine whether the errors here asserted (1) violate Article I, section 23, of the Nebraska Constitution, and (2) violate the due process clause of the Constitutions of this state and of the United States.

It should first be said that a review by an appellate

court of a final judgment in a criminal case, no matter how grave the offense of which the accused is convicted, was not at common law, and is not now, a necessary element of due process of law; and a period of limitation on a right of appeal accords with the United States Supreme Court's concept of proper procedure. Brown v. Allen, 344 U. S. 443, 73 S. Ct. 397, 97 L. Ed. 469; Ortwein v. Schwab, 410 U. S. 656, 93 S. Ct. 1172, 35 L. Ed. 2d 572. Limitations placed upon the time for appeal apparently do not offend this court's idea of due process. State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66. However, when the Nebraska Constitution grants appeal as a matter of right, the procedure afforded must accord with the federal constitutional concepts of due process. Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891; Ruetz v. Lash, 500 F. 2d 1225; 16A C. J. S., Constitutional Law, § 594, p. 688. It is clear that where a state constitution grants an appeal as a matter of right, reasonable, nondiscriminatory requirements, which have a rational basis as a condition precedent to the exercise of a right, may be prescribed. Brown v. Allen, *supra;* Ortwein v. Schwab, *supra.*

The defendant argues that the requirement that a motion for a new trial be filed within 10 days after the verdict (at which time the sentence may not — and under current procedure probably has not — been imposed) is unreasonable because the defendant may not know whether he wishes to appeal until he knows what the sentence is.

The procedural purposes of requiring a motion for new trial are well known and have been stated by this court on numerous occasions. One purpose is to call to the trial court's attention trial errors, so that that court may remedy serious and prejudical errors by granting a new trial without the necessity of an appeal. The second reason is that the motion is a part of the procedure enabling the appellate court to note that claimed errors have been called to the at-

tention of the trial court and that it has had an opportunity to pass thereon. Appellate courts customarily do not pass upon questions not raised in the trial court. The timely filing of a motion for new trial may also extend the time for filing a notice of an appeal because section 25-1912, R. R. S. 1943, provides that if such a timely motion is filed, the time for filing the notice of appeal begins to run from the overruling of the motion for a new trial. It seems clear enough to us that all the purposes above recited are reasonable and have a rational basis. These governing rules have been followed by this and courts of other jurisdictions, apparently without challenge, ever since such procedures were first laid down. If the sentencing occurs after the motion for new trial has been overruled, then the time for computing the appeal runs from the date of the sentencing. See Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853.

In specific response to the defendant's argument that he may not know whether he wishes to appeal until after sentencing, we acknowledge this may be true. However, that uncertainty neither prevents the defendant from laying a timely foundation for a review of claimed trial errors, nor does the filing of the motion mandate an appeal if ultimately one is not desired by him. We have recently pointed out that in those cases where the trial court does not have the power to correct its own errors, e. g., in the case of excessive sentences, this court may on appeal consider such errors without their inclusion in a motion for new trial. State v. Price, *ante* p. 229, 252 N. W. 2d 165. No doubt the trial court in this case recognized that fact and for that reason struck only the portion of the untimely motion for a new trial insofar as it pertained to the trial errors.

We hold that sections 25-1143 and 29-2103, R. R. S. 1943, are constitutional and do not violate the provisions of Article I, section 23, of the Nebraska Consti-

tution, nor the due process requirements of the state and federal Constitutions.

We further find that the sentences imposed in this case are not excessive. The court did not err in quashing paragraphs 1 and 2 of the defendant's motion for a new trial because the same were untimely. No trial errors are presented to us for a review for the further reason that no bill of exceptions containing the trial evidence and rulings has been presented in this court.

AFFIRMED.