STATE OF NEBRASKA, APPELLEE, V. JESSE E. SAMPSON, APPELLANT.

280 N. W. 2d 81

Filed June 19, 1979. No. 42406.

Jacobsen, Orr & Nelson, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

Appellant appeals from a conviction finding him guilty of assault with intent to inflict great bodily harm in violation of section 28-413, R. R. S. 1943. As

a result of the conviction, appellant was placed on probation for a term of 3 years. In addition, the trial court sentence directed appellant to serve 30 days in the county jail of Buffalo County, Nebraska, and, after discharge from the county jail, to be placed on an alcohol treatment program which would include 30 days or more of inpatient counseling and treatment followed by additional counseling and treatment as required by the probation officer.

The trial court further ordered that in view of the fact there was a pending civil action by the victim, a Mr. Richard Bohaty, seeking to recover damages against appellant, the trial court would not at that time determine the amount of restitution which should be ordered paid by appellant to Bohaty as damages, but rather would, as a condition of probation, establish a fund for the payment of the damages to the victim when determined. The court therefore ordered appellant to pay into a restitution fund, to be held by the clerk of the District Court and to be available for payment to Bohaty, the sum of $200 per month. While the order did not specifically make it clear because it was a term and condition of probation, the payment of $200 per month would continue for the 3 years that appellant was on probation, unless discontinued by further order of the court. In addition, as a condition of probation, appellant was fined the sum of $2,000 and the costs of the action.

Appellant has appealed to this court assigning as errors: (1) That the State failed to prove the necesary specific intent essential to the crime of assault with intent to inflict great bodily injury; and (2) that the terms of the probation are excessive and constitute an abuse of the trial court's discretion. We have examined the record in detail and disagree with the contentions of the appellant. Accordingly, the judgment of the trial court is affirmed.

The evidence is without dispute that in the early morning hours of October 29, 1977, appellant fired a

gun while standing near a parked Volkswagen automobile then occupied by Bohaty. In addition, appellant drove his vehicle into the rear of Bohaty's Volkswagen pushing it to a fence some 40 feet away.

Upon further examination, a bullet hole was found in Bohaty's Volkswagen which passed from the driver's side of the car through the driver's door and into the passenger's door. Further examination revealed two bullet fragments which were recovered from the passenger's door of the Volkswagen.

Following his arrest, appellant admitted he had fired the weapon, but maintained he had fired it in the air and for the purpose of scaring Bohaty. Likewise, appellant admitted he had run into the back of the Volkswagen. Appellant maintains that while he did perform the acts described, he did not by doing so intend to inflict great bodily injury to Bohaty.

The jury apparently chose to believe the State and reject the appellant's claim. The criminal intent is to be determined from the evidence and surrounding circumstances, and was therefore for the jury to decide. State v. Johnsen, 197 Neb. 216, 247 N. W. 2d 638. The verdict of a jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. Coleman, 196 Neb. 721, 246 N. W. 2d 61; State v. Johnsen, *supra;* State v. Lang, 197 Neb. 47, 246 N. W. 2d 608. Because the intent with which an act is done exists only in the mind of the actor, its proof must be inferred from the act itself and from the facts surrounding the act. State v. Judd, 200 Neb. 344, 263 N. W. 2d 487. It is difficult, if not impossible, to imagine one indiscriminately firing a gun into a car knowing it is occupied and still maintaining that the necessary intent to inflict great bodily harm is absent. The jury was justified in its conclusion, and we find no reason or basis to disagree.

Appellant next contends that the conditions of probation were excessive. All of the conditions of the

probation, including the fine of $2,000 and the order to pay money into a fund for restitution, were within the court's statutory authority. A sentencing court in prescribing probation may impose any conditions of probation that are authorized by statute to be imposed. State v. Nuss, 190 Neb. 755, 212 N. W. 2d 565. As a consequence, this court will disturb an order of probation only where it appears from the record that in executing such order the sentencing court imposed a condition or conditions of probation which it was not authorized by statute to impose. State v. Muggins, 192 Neb. 415, 222 N. W. 2d 289. In this case, the court was authorized to impose all of the conditions, and therefore we should not disturb it.

To the extent that the order of the court may be in doubt, it should be clear that the payment of $200 per month to the fund for restitution should continue only during the term of probation or until further order of the trial court, and in no event should payment be in excess of that amount for which appellant is ultimately determined to be liable.

AFFIRMED.