## STATE OF CONNECTICUT *v.* JOHN FILES, JR.

BOGDANSKI, C. J., PETERS, HEALEY and PARSKEY, Js.[1]

Argued April 7—decision released April 21, 1981

*John W. Marino, Jr.*, in support of the motion.

*Richard Shiffrin*, assistant state's attorney, in opposition.

PETERS, J. The defendant, John W. Files, Jr., has filed a motion to set aside the judgment rendered against him upon his conviction of the crimes of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A)[2] and of risk of injury to a child in violation of General Statutes § 53-21.[3] The motion is premised upon the state's failure to defend against his appeal with due diligence.

---

[1] The parties agreed, at the time of the hearing on this motion, that the motion would be decided by four judges only.

[2] General Statutes § 53a-73a (a) (1) (A) provides: "SEXUAL ASSAULT IN THE FOURTH DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age."

[3] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who willfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endan-

The record reveals that the defendant, then fifty-seven years old, was charged by information on October 2, 1978, with the commission of the crimes on September 30, 1978. After a trial to the jury he was, on May 22, 1979, found guilty of both charges. Thereupon the defendant filed timely motions for acquittal and for a new trial. At the sentencing hearing on June 21, 1979, after having denied these motions, the trial court noted both the defendant's clean record for the first fifty-five years of his life and his conviction of a similar charge in Maine two years earlier. The trial court imposed a total effective sentence of six to eleven years on the defendant, and the sentence review board affirmed that sentence. Because the defendant was and is unable to post bond, he has been continuously incarcerated since his arrest in October, 1978.

Having been granted an extension of time to appeal by the trial court, the defendant properly appealed to this court on December 12, 1979. A brief on his behalf was filed in timely fashion by new counsel on January 24, 1980. The brief raises three claims of error, one questioning a pretrial statement by the trial court judge and two challenging his evidentiary rulings at the trial. Under the rules of practice, the state as appellee was required to submit its brief on or before February 23, 1980. Practice Book § 3060N. Because the state's brief had not been filed by February 3, 1981, the defendant filed the motion now before us. When this motion was heard on April 7, 1981, the state conceded that its brief had even yet not been prepared.

gered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

In the period of more than thirteen months since the state's brief was due, the state has given this case only perfunctory attention. On June 17, 1980, the state requested an extension of time until July 22, 1980, to file its brief, because the "Appellate Bureau is presently handling appeals to both the Supreme Court and the Appellate Session received prior to the Files matter." An extension was granted to July 19, 1980, despite the defendant's timely objection correctly pointing out that the state's motion was in violation of Practice Book § 3097 (c) (4).[4] Two further requests for extension, relying on the same ground, were filed on July 18, 1980, seeking an extension until September 1, 1980, and on August 29, 1980, seeking an extension until October 7, 1980. These motions too were routinely granted. Since August, 1980, the case has been entirely dormant.

In our review of a defendant's right to have his appeal defended by the state with due diligence, Practice Book § 3109,[5] we can find guidance in the analogous rules that have been developed to protect a defendant's right to a speedy trial. It is true, of course, that a criminal defendant does not have a constitutional right to appeal from a judgment of conviction. *Abney* v. *United States,* 431 U.S. 651, 656, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977). "The

---

[4] Practice Book § 3097 (c) (4) provides: "No motion [for extension of time] under this rule shall be granted unless it is filed *before the time for filing* the appeal or subsequent paper *has expired.*" (Emphasis added.)

[5] Practice Book § 3109 provides, in relevant part, "If a party shall fail to defend against an appeal with proper diligence, the supreme court may, on motion by any other party to the appeal or on its own motion, set aside in whole or in part the judgment under attack, with costs, and direct the entry of an appropriate final judgment by the trial court against the party guilty of the failure."

remedy of appeal afforded defendants in criminal prosecutions is, in this state, purely statutory; General Statutes § 54-95; but having established an appellate forum, 'these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts.' *Rinaldi* v. *Yeager*, 384 U.S. 305, 310, 86 S. Ct. 1497, 16 L. Ed. 2d 577 [1966]; *Blackledge* v. *Perry*, 417 U.S. 21, 25, 94 S. Ct. 2098, 40 L. Ed. 2d 628 [1974]; *Chaffin* v. *Stynchcombe*, [412 U.S. 17, 24, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973)]. The right to appeal, though statutory, has therefore been jealously protected." *Staton* v. *Warden*, 175 Conn. 328, 333–34, 398 A.2d 1176 (1978). We would be derelict in our responsibility for the administration of criminal justice if we were to permit the right to appeal to be undermined by unreasonable delay by the state in defending against appeals. See *State* v. *Holup*, 166 Conn. 471, 473–74, 352 A.2d 275 (1974); *Chanosky* v. *City Building Supply Co.*, 152 Conn. 449, 451–52, 208 A.2d 337 (1965).

Several factors must be balanced, on a case by case basis, to determine whether delay by the state in defending against an appeal has unjustifiably impaired the defendant's access to this court. In the context of adjudicating a defendant's right to a speedy trial, the Supreme Court of the United States and this court have identified four factors which form the matrix of the defendant's right to speedy adjudication: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* v. *Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State* v. *Nims*, 180 Conn. 589, 591, 430 A.2d 1306 (1979); *State* v. *McCarthy*, 179 Conn. 1, 5, 425 A.2d 924 (1979).

Application of the balancing test to this case requires us to grant the defendant's motion for judgment. A delay of more than thirteen months[6] in the filing of the state's brief, while not unreasonable per se, is sufficiently long to require an examination of the other factors that go into the balance. The state's announced reason for its delay, the workload in its appellate office, is a reason which we have discountenanced in the past. *Chanosky* v. *City Building Supply Co.*, supra, 452. At best, congestion in the office is a neutral reason, showing only that the state's delay is not deliberate; it is not a satisfactory explanation. *State* v. *Nims*, supra, 592. Cursory examination of the seven page brief filed by the defendant discloses that the issues on this appeal are neither so complex nor so unusual as to furnish justification for the state's delay. On the defendant's side, assertion of his right to be heard promptly has been repeated and timely. When the state filed its first request for an extension to file its brief, the defendant properly objected within two days, noting that the state's request was itself untimely. Because that extension was nonetheless granted, it was not unreasonable for him to fail to object to the two further requests for extension which were within the time period permitted by our rules. The present motion properly brought to our attention the dormancy of the case since the end of August, 1980. Finally, the defendant is prejudiced by the delay because of his continued incarceration: if his appeal is eventually sustained on the merits, he cannot regain his lost freedom; if a new trial is ordered, he may, because of the passage of time, encounter difficulties in organizing his defense.

---

[6] The brief having not yet been filed, we can only surmise how much longer the delay will be.

In the interests of justice, we therefore grant the defendant's motion to set aside the judgment against him. Because the matters raised by his brief would not, had he prevailed, have warranted our rendition of a judgment of acquittal but would rather have required us to order a new trial, we return the case to the trial court with the direction that a new trial be commenced immediately.

The judgment against the defendant is set aside, and the case is remanded for an immediate new trial.

In this opinion the other judges concurred.