STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS, ATTORNEY GENERAL, ET AL., APPELLEES, V. BIBLE BAPTIST CHURCH OF LINCOLN, NEBRASKA, A CORPORATION, ET AL., APPELLANTS, PAULA MILLER ET AL., INTERVENORS-APPELLANTS.

353 N.W.2d 20

Filed August 10, 1984. No. 83-886.

William Bentley Ball and Philip J. Murren of Ball & Skelly, and Lawrence W. Stunkel, for appellants.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellees.

Charles E. Rice, and Francis G. McKenna of Anderson & Pendleton, for amicus curiae Religious Liberty Foundation.

J. Marvin Weems, and Samuel E. Ericsson, for amicus curiae The Center for Law and Religious Freedom of the Christian Legal Society.

Steven F. McDowell and T. Patrick Monaghan, for amicus curiae Catholic League for Religious and Civil Rights.

William J. O'Connor, for amici curiae National Committee for Amish Religious Freedom and Mennonite Central Committee U.S.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

The State of Nebraska, through relators Paul L. Douglas, Attorney General of the State of Nebraska, and Michael G. Heavican, county attorney of Lancaster County (hereinafter collectively called the State), brought this action in the district court for Lancaster County, Nebraska, against Bible Baptist Church, Park West Christian School, and named officials connected with those organizations (hereinafter collectively

called defendants), seeking a permanent injunction to prohibit the defendants from educating schoolchildren in grades kindergarten through 10th grade in violation of state education laws and regulations.

In their amended answer defendants alleged they were not subject to the state education laws because of their rights under the U.S. and State of Nebraska Constitutions.

After lengthy pleadings by both the State and defendants, the State filed a motion for summary judgment. The district court granted that motion and granted the injunctive relief prayed for. The district court's order enjoined defendants from operating Park West Christian School until that school was approved by the State Department of Education. This order was entered on May 27, 1983. On June 2, 1983, defendants filed a timely motion for new trial. This motion for new trial was overruled on September 6, 1983.

On September 19, 1983, defendants filed a pleading in the district court, entitled "Defendant's Motion to Vacate Order of Injunction and to Dismiss Action." This pleading moved the district court to vacate the injunction and either to dismiss the petition or to grant a new trial, because on September 9, 1983, the State Board of Education had taken certain action and that as a result of such action "no issue now remains in the case."

On October 3, 1983, the district court made a docket entry stating in part:

> The Court being advised that October 6, 1983 is the date by which defendants must perfect an appeal of this Courts [sic] order of September 6, 1983 and the defendants having requested time to brief the issues raised by motion #22, the Court now orders that enforcement of the order of injunction herein be stayed until November 3, 1983.

On November 3, 1983, the district court further stayed the enforcement of the injunction until November 10, 1983, and on November 9, 1983, the district court overruled defendants' motion filed September 19, 1983. On November 10, 1983, defendants filed their notice of appeal from, as stated in their notice of appeal,

> the order of this court granting summary judgment, May 27, 1983; the order of this court over-ruling its motion for

new trial dated September 6, 1983; and order of court denying motion to vacate judgment and grant new trial dated November 9, 1983.

The State then filed a motion for summary dismissal stating that "appellants did not file a notice of appeal within one (1) calendar month after their motion for new trial was overruled on September 6, 1983." Defendants filed objections to the motion for summary dismissal. Rather than dispose of the case on summary disposition, this court denied the motion in order that oral argument could be heard on the subject.

It is now clear that this court does not have jurisdiction of this appeal. First of all, by its own terms, the defendants' pleading of September 19, 1983, seeking a new trial on the grounds of "newly discovered evidence" does not comply in any way with Nebraska statutes or practice. The September 19, 1983, pleading, insofar as newly discovered evidence is concerned, refers to action taken by the State Board of Education on September 9, 1983—some $3\frac{1}{2}$ months after the court's order of summary judgment entered on May 27, 1983. As stated in *Sullivan v. Hoffman*, 207 Neb. 166, 173, 296 N.W.2d 707, 712 (1980):

> "[E]vidence of facts happening after trial ordinarily cannot be considered as newly discovered evidence on which to justify the granting of a new trial." *Wagner v. Loup River Public Power District*, 150 Neb. 7, 12, 33 N.W.2d 300, 303 (1948). "A new trial will not be granted on the ground of newly discovered evidence where it appears that such evidence was not available at the time of the trial, but rather the result of changed conditions since." *Id.* at 11, 33 N.W.2d at 303. "In any but a very extraordinary case in which an utter failure of justice will unequivocally result, a verdict on the evidence at the trial will not be set aside and a new trial granted on the basis of evidence of facts occurring subsequent to such trial." *Id.* at 12, 33 N.W.2d at 304.

Secondly, defendants' motion for new trial filed on June 2 and denied on September 6, 1983, is the only motion for new trial relevant here. Neb. Rev. Stat. § 25-1143 (Reissue 1979) provides that a motion for new trial must be made "within ten

days . . . after the verdict, report or decision was rendered." No provision is made for a second motion for new trial, and it is clear that defendants' pleading of September 19 was addressed to a decision of May 27, 1983, and that defendants' September pleading was a nullity.

The notice of appeal in this case was filed on November 10, 1983. Defendants' motion for new trial was denied on September 6, 1983. The appeal is not timely and it is dismissed.

APPEAL DISMISSED.