STATE OF NEBRASKA, APPELLEE, V. ERNIE SCHRODER, APPELLANT.
359 N.W.2d 799

Filed December 21, 1984.   No. 84-389.

Curtis A. Sikyta, for appellant.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant-appellant, Ernie Schroder, was convicted in the county court, following a bench trial, of a misdemeanor third degree assault upon his wife, Barbara. Defendant was thereupon sentenced to probation for a term of 6 months, the conditions of which included the payment of a $100 fine and

that he serve 10 days in the county jail. The conviction and sentence were each affirmed on appeal to the district court. In this appeal defendant assigns as error (1) the failure of the district court to dismiss the charge due to the unreasonable delay of that court in processing the appeal; (2) the failure of both the county and district courts to "find the degree of assault" and to determine "whether the assault was part of a mutual scuffle"; (3) the imposition by both courts of more than one penalty; (4) the receipt of certain evidence; (5) the exclusion of certain evidence; and (6) the insufficiency of the evidence to support the conviction. The record sustains none of the assignments; accordingly, we affirm.

The Schroders spent the afternoon, evening, and night of August 10, 1982, and the early morning hours of the next day getting drunk together in a number of towns. Although the evidence is in conflict as to what transpired while defendant drove and Mrs. Schroder rode home in their truck, Mrs. Schroder testified that defendant had gotten angry, hit her several times, and then stopped the truck while she got out and began walking. According to Mrs. Schroder, her husband "came after her," hit her, kicked her, grabbed her by the hair, and pulled her back into the pickup. When the couple arrived at their home, defendant continued to hit and shove his wife, and threatened her with a gun. Later, when Mrs. Schroder was leaving in her car, defendant shot at her with his gun. Mrs. Schroder then drove to the sheriff's house for help.

The evidence is such that the trier of fact could find that as a result of the altercation Mrs. Schroder suffered pain and sustained nosebleeds, bruises on her arm and throat, and a black eye. She received no medical treatment for her injuries, nor did she miss work because of them.

Defendant testified that his wife initiated the fight while they were in the truck and that he responded by "showing speed," that is, he hit her lightly with the tips of the fingers to exhibit reflexive speed. According to defendant, after they arrived home Mrs. Schroder continued to "rant and rave," so he went outside to shoot his pistol in order to relieve his tension. He denies assaulting Mrs. Schroder with the gun. According to defendant, when his wife proceeded to drive away in the car, she

ran into him, knocking him onto the windshield.

At the behest of Mrs. Schroder the county attorney filed a complaint against defendant on August 11, 1982, charging him with assault in violation of Neb. Rev. Stat. § 28-310 (Reissue 1979). That statute provides:

> (1) A person commits the offense of assault in the third degree if he:
> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or
> (b) Threatens another in a menacing manner.
> (2) Assault in the third degree shall be a Class I misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it shall be a Class II misdemeanor.

Trial was had in the county court on September 8, 1982, and defendant was sentenced as aforesaid on that day. He appealed the conviction and sentence to the district court on September 13, 1982. On December 21, 1982, the appeal was submitted to the district court. Notwithstanding nine inquiries by the parties between January 3 and September 21, 1983, it was not until April 25, 1984, that the district court affirmed the judgment of the county court. In doing so, the district judge who acted on the appeal, and who was not responsible for the delay, noted the delay, expressed regret over its occurrence, and attributed it to the illness and retirement of the judges who had preceded him.

Defendant cites no direct authority for his contention that the delay in processing his appeal should result in a dismissal of the charge against him, but analogizes the right to a speedy trial to his situation, claiming a right to a speedy appeal.

The speedy trial statute, Neb. Rev. Stat. § 29-1205 (Reissue 1979), states that its purpose is "[t]o effectuate the right of the accused to a speedy trial and the interest of the public in prompt disposition of criminal cases . . . ." Neb. Rev. Stat. § 29-1207 (Reissue 1979) provides: "Every person indicted or informed against for any offense shall be brought to trial within six months . . . ." Neb. Rev. Stat. § 29-1208 (Reissue 1979) provides that "[i]f a defendant is not brought to trial before the running of the time for trial . . . he shall be entitled to his absolute discharge from the offense charged . . . ."

If there was ever any basis for doubt as to the nature of the proceeding in the district court when a criminal matter has been appealed to it from the county court, that doubt has been dispelled. The proceeding is not a trial. A district court, on criminal appeals from the county court, acts as an intermediate court of appeals reviewing the record for error. Neb. Rev. Stat. § 24-541.06(1) (Cum. Supp. 1982); Neb. Rev. Stat. § 29-613 (Reissue 1979); *State v. Hatfield, ante* p. 470, 356 N.W.2d 872 (1984); *State v. Turner, ante* p. 365, 355 N.W.2d 219 (1984); *State v. Olson*, 217 Neb. 130, 347 N.W.2d 862 (1984); *State v. Ferris*, 216 Neb. 606, 344 N.W.2d 668 (1984).

The right to appeal and the right to a speedy trial differ in two important respects.

First, the right to appeal a criminal conviction is not guaranteed by the U.S. Constitution, *Abney v. United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), whereas a defendant is guaranteed the right to a speedy trial by the sixth amendment to the U.S. Constitution, *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), and *Klopfer v. North Carolina*, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967). Neb. Const. art. I, § 23, guarantees the right to appeal in all felony criminal cases, and Neb. Const. art. I, § 24, guarantees the right to appeal in all civil cases. However, our Constitution does not guarantee the right to appeal in misdemeanor cases. Therefore, defendant's right to appeal is not constitutionally based. As such, that right may be limited in certain ways without running afoul of constitutional principles. In *State v. Kelley*, 198 Neb. 805, 255 N.W.2d 840 (1977), we held that a period of limitation imposed on the right to appeal is constitutionally permissible. In doing so we stated: "It should first be said that a review by an appellate court of a final judgment in a criminal case, no matter how grave the offense of which the accused is convicted, was not at common law, and is not now, a necessary element of due process of law . . . ." 198 Neb. at 808-09, 255 N.W.2d at 843.

The appeal in this case is grounded in Neb. Rev. Stat. §§ 24-541.01 (Cum. Supp. 1982) and 29-611 (Reissue 1979), each of which grants the right to appeal any county court final order or judgment and any judgment imposing a fine or

imprisonment, or both, to the district court. The provisions of these statutes govern the exercise of that right. As such, that right to appeal is of a different nature than the constitutionally based right to a speedy trial, as evidenced by our well-established rule that there must be compliance with the requirements set forth in a statute granting the right to appeal or this court gains no jurisdiction over the case. *Nicholson v. City of Bellevue*, 215 Neb. 540, 339 N.W.2d 758 (1983); *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983); *State v. Mills*, 179 Neb. 853, 140 N.W.2d 826 (1966).

Second, the Nebraska statutes codifying the sixth amendment right to a speedy trial, §§ 29-1205 through 29-1208, require that each defendant indicted or informed against be brought to trial within 6 months. The statutes which establish defendant's right to appeal, however, do not mention any time within which the appeal must be heard.

For the foregoing reasons the analogy which defendant invites us to adopt does not fit, and we therefore decline the invitation.

Defendant also cites us to *State v. Files*, 183 Conn. 586, 441 A.2d 27 (1981), as indirect authority for his position. Therein, the Connecticut Supreme Court held that a delay of 13 months in the filing of the state's appellate brief was unreasonable, and granted the defendant's motion to set aside the conviction. The court said: "We would be derelict in our responsibility for the administration of criminal justice if we were to permit the right to appeal to be undermined by unreasonable delay *by the state in defending against appeals.*" (Emphasis supplied.) 183 Conn. at 589, 441 A.2d at 29. The court adopted a balancing test, identifying four factors to be weighed in determining undue delay: " '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " *Id.*, quoting *Barker v. Wingo, supra.*

We note first that *Files* is factually distinguishable from the case presently before us. Here, the reason for the delay ascribed by the record was the illness and retirement of the judges involved in its disposition, while the delay in *Files* was caused by the state's failure to attend to the appeal with due diligence. The

*Files* court did not deal with appellate delay generally; rather, its language and holding are directed only to delay caused by the state's failure to timely defend appeals. Further, several cases have held, in the context of a defendant's right to a speedy trial, that the illness or incapacity of a judge justified a delay. *State v. Jennings*, 195 N.W.2d 351 (Iowa 1972); *Kopacka v. State*, 22 Wis. 2d 457, 126 N.W.2d 78 (1964). Finally, the *Files* court found that Files was prejudiced by the delay in his appeal because he was incarcerated for the entire 13-month period. The record here tells us defendant has not yet begun to serve his sentence and has been free to conduct his affairs during the pendency of his appeal. Moreover, we do not consider the *Files* rule to be sound and, accordingly, decline the invitation to adopt it as a part of the jurisprudence of this state. That is not to say we condone the delay involved here; such a failure of the system is inexcusable. Nonetheless, there are better and more just ways to deal with the problem than the method adopted by *Files*.

We therefore find defendant's first assignment of error to be without merit.

We have difficulty understanding the first portion of the second assignment of error. It complains that the lower courts failed to "find the degree of assault." The complaint refers to the specific statute alleged to have been violated, § 28-310. That statute defines the acts enumerated as being an assault in the third degree. Such being the case, there is no judicial discretion involved, nor is a specific finding required, in determining the degree of assault proved. The evidence either supports the charge or it does not.

The last portion of the second assignment of error complains that the trial court failed to find whether the assault was part of a mutual scuffle. This complaint requires that we recall the penalties for Class I and Class II misdemeanors. Neb. Rev. Stat. § 28-106 (Cum. Supp. 1984) provides no minimum punishment for Class I misdemeanors and a maximum punishment of imprisonment for not more than 1 year, a fine of $1,000, or both such imprisonment and fine. That same statute provides no minimum punishment for a Class II misdemeanor and a maximum punishment of imprisonment for 6 months, a

fine of $1,000, or both such imprisonment and fine.

Even if the evidence were to be held such as to support a finding that there was a mutual fight or scuffle, there is no evidence that there had been any mutual consent. The language of § 28-310(2) requires such consent to render the assault a Class II misdemeanor. The mere fact that two persons engage in a fight does not mean that both consented to fight. The assault was therefore necessarily a Class I misdemeanor. Consequently, the trial judge's failure to specify the class of misdemeanor in no way prejudiced the defendant.

There is no more merit to defendant's second assignment of error than there is to his first assignment.

In his third assignment of error defendant claims he was given multiple penalties for conviction of a single charge. The problem arises because, in its journal entry, the trial court did not specifically state that the fine and the jail sentence were imposed as conditions of probation. The bill of exceptions demonstrates, however, that at the sentencing hearing the judge stated: "[A]s part of the probation the defendant [will] pay a fine in the amount of $100 including the cost of this action and that the defendant serve 10 days in the county jail as part of the probation." We have said that "[w]hile a recital in a journal entry appearing in the transcript is presumptively true, an affirmative showing in the bill of exceptions that it is not true prevails over the presumption." *Waite v. State*, 169 Neb. 113, 119, 98 N.W.2d 688, 691 (1959). Here, the bill of exceptions affirmatively shows that the fine and jail term were intended to be a part of defendant's probation. In *State v. Sampson*, 203 Neb. 786, 280 N.W.2d 81 (1979), we stated that when a court sentences a defendant to probation, it may impose any conditions of probation that are authorized by statute. Neb. Rev. Stat. § 29-2262(2)(b) (Reissue 1979) authorizes the court to require the defendant to be jailed periodically, not to exceed 90 days, and § 29-2262(2)(m) authorizes the court to require the defendant to pay a fine as conditions of probation. The conditions of probation imposed upon defendant were authorized by statute and, as such, were proper.

The record does not sustain the third assignment of error.

Defendant next argues that the trial court improperly

admitted into evidence a photograph which shows certain items of furniture and clothing lying outside the Schroder home the day following the incident. We need not decide whether that photograph was properly received in evidence, because our review of the record shows that in any event its admission, if erroneous, was harmless. The testimony of Mrs. Schroder, if believed by the trier of fact, contained enough information without the photograph to sustain a conviction of defendant for third degree assault. Further, defendant himself testified that he had thrown Mrs. Schroder's clothes and dresser into the yard during the episode in question. Defendant fails to convince us that the admission of evidence about which he later testified prejudiced him in any way. See *State v. Massey, ante* p. 492, 357 N.W.2d 181 (1984).

The fourth assignment of error is not sustained by the record.

Defendant next asserts that the trial court erred in sustaining the State's objection to certain testimony which he attempted to elicit on his own behalf. During defendant's direct testimony, the following colloquy took place:

Q. [Defense Counsel] Okay, and then what happened?

. . . .

A. . . . . Just the other side of the Mobil station the sheriff and the town cop pulled me into the Mobil station. And Weber asked me where I was hit and I said in the leg; I didn't know what he was talk'n about. He said which leg and I said both legs. He said you shot yourself---

[Prosecutor]: Your Honor, objection. Hearsay as to what Weber may have told this particular witness.

[Judge]: That'll be sustained.

[Defense Counsel]: Your Honor I would respectfully show the Court that the testimony he's trying to give simply is what the sheriff said to him. He certainly is able to repeat what the sheriff said. I don't think he's said anything that's hearsay. He simply said the sheriff asked him certain questions.

[Prosecutor]: But those were leading questions.

[Judge]: Well probably if that area were testimony as to the conversation having taken place it would be admissible

but the contents of the conversation and the veracity of that would be in question. The objection will be sustained as to being hearsay.

No offer of proof was ever made as to the contents of the disputed testimony. Neb. Rev. Stat. § 27-103 (Reissue 1979) provides in part:

> (1) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:
>
> . . . .
>
> (b) In case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.

The substance of the testimony is not apparent from the context within which the question was asked, nor from the rambling response to it. We have said where, on objection, a ruling excluding evidence is made, an offer of proof is generally a prerequisite to our review on appeal unless it is apparent from the context within which the question was asked that the answer would have been material and competent. *State v. Fonville*, 197 Neb. 220, 248 N.W.2d 27 (1976). See, also, *Morris v. Laaker*, 213 Neb. 868, 331 N.W.2d 807 (1983). Accordingly, error, if any, in the trial court's refusal to allow the defendant's testimony may not be predicated on that ruling.

The fifth assignment of error fails.

Finally, defendant complains that the evidence presented at trial is not sufficient to sustain his conviction. Primarily, he argues that Mrs. Schroder's testimony was unreliable and unconvincing. We remind defendant that in determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Coburn, ante* p. 144, 352 N.W.2d 605 (1984). Further, in a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision,

considered only evidence that is competent and relevant, and this court will not overturn such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *State v. Tomes, ante* p. 148, 352 N.W.2d 608 (1984). Our review of the record convinces us that the prosecution presented sufficient competent and relevant evidence to sustain defendant's conviction. We will not, therefore, overturn the lower court's decision.

As did the preceding five, the sixth, and last, assignment of error fails.

AFFIRMED.