IN RE INTEREST OF S.H., L.H., AND A.H., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. D.L.H., APPELLANT.
406 N.W.2d 112

Filed May 22, 1987.   No. 86-720.

Donald E. Earnshaw, for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The appellant mother challenges the judgment of the separate juvenile court terminating her parental rights in and to the subject three children, S.H., aged 12 years, L.H., aged 11

years, and A.H., aged 4 years. Her single assignment of error raises two issues: (1) whether the evidence is sufficient to support the juvenile court's judgment and (2) whether she should have been granted a new trial because of newly discovered evidence. We affirm.

The record establishes the mother is 27 years old and has a "[m]ixed personality disorder" with "antisocial passive/aggressive, inadequate traits." Although she began a number of dependency treatment programs during the 4 years this matter pended in the juvenile court before the termination hearing, she did not stay with any one program long enough to have overcome her alcohol and drug dependencies. Throughout this period of time, she has demonstrated an overall inability to manage funds provided her and to properly shelter, feed, clothe, or supervise her children. She has also demonstrated a lack of the discipline required to participate in a sustained program designed to teach her the required parenting skills.

Neb. Rev. Stat. § 43-292(2) (Reissue 1984) provides that parental rights may be terminated when such action is in the best interests of a child because the parent has substantially and continuously or repeatedly neglected the child and has refused to give the child necessary parental care and protection. The record clearly and convincingly demonstrates the existence of the foregoing ground for termination of the mother's parental rights in the subject children and that the best interests of the children require such action; the children cannot be allowed to remain in limbo forever. *In re Interest of Levey*, 211 Neb. 66, 317 N.W.2d 760 (1982).

The mother's contention that she should have been granted a new trial because there was newly discovered evidence is equally without merit. She bases her contention on the claims that at the time of the trial on the State's motion for termination, it was too early to determine whether the alcohol dependency treatment program in which she was then involved would be successful, and that she has been making progress since the termination trial. The short but dispositive answer to this contention is that evidence of facts occurring after a trial ordinarily cannot be made the basis for a motion for new trial on the grounds of newly discovered evidence. *State ex rel. Douglas v. Bible*

*Baptist Church*, 218 Neb. 307, 353 N.W.2d 20 (1984); *Martinez v. Peterson*, 212 Neb. 168, 322 N.W.2d 386 (1982).

AFFIRMED.