IN RE INTEREST OF L.H., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. J.H., APPELLANT.

407 N.W.2d 784

Filed June 19, 1987. No. 86-965.

Elizabeth C. Schrock, for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

J.H., the 22-year-old appellant mother, appeals from the judgment of the separate juvenile court which terminated her parental rights in and to her daughter, L.H., who was born out of wedlock on December 4, 1980. The mother's assignments of error challenge the juvenile court's exclusion of certain evidence, as well as the sufficiency of the evidence. We affirm.

This matter first came to the attention of the juvenile court on December 14, 1984, when it was alleged that the daughter came within the purview of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 1982) as lacking proper parental care by reason of her mother's faults or habits, in that the mother left the daughter in the care of the daughter's biological father, who sexually molested the daughter, and in that the mother failed to support or maintain regular contact with her daughter. Indeed, the biological father's conduct is the subject of *In re Interest of D.J. et al.*, 224 Neb. 226, 397 N.W.2d 616 (1986), which resulted in the termination of his parental rights in and to several of his other children. According to the mother, however, she had taken care of her daughter from her birth until shortly before these proceedings were commenced, when the biological father forcibly took the daughter from her.

The mother could not attend the dispositional hearing held on April 11, 1985, because she was then in jail on a warrant charging her with prostitution. Ultimately, however, the

juvenile court developed a rehabilitation plan, which is described later in this opinion.

The first assignment of error rests on the fact the juvenile court refused to receive testimony from the mother which she described as relating to the daughter's "infancy and early years and how she came to be placed in foster care." In arguing for admission of the evidence, the mother told the juvenile court, through counsel: "If the State is going to maintain that [she] did not follow a court order, then the Court has to have some idea of the person and the background and circumstances to which this order applies." In her brief in this court the mother argues that she brought the sum total of her life experiences along with her when she appeared before the juvenile court, and if she had suffered from any physical or mental impairment preventing her from following the court's order, evidence of such impairment would have been relevant to the issue of compliance.

Neb. Rev. Stat. § 27-103 (Reissue 1985) provides that error may not be predicated upon a ruling which excludes evidence unless a substantial right is affected and "the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked." There was no offer of proof made, and no questions were asked from which it can be said the substance of the evidence was made known. The most that could be determined from the description of the proposed testimony and the argument made concerning its admissibility were the general topics to be covered by the proposed testimony. Accordingly, there is no merit to the first assignment of error. *Hulse v. Schelkopf*, 220 Neb. 617, 371 N.W.2d 673 (1985); *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984).

The second assignment is resolved by two well-established rules. While there is no requirement that the juvenile court implement a rehabilitation plan for the parent of a child coming within its jurisdiction, the failure to comply with a reasonable court-ordered plan of rehabilitation is an independent ground justifying termination of parental rights. See, *In re Interest of R.A. and V.A., ante* p. 157, 403 N.W.2d 357 (1987); *In re Interest of L.J., J.J., and J.N.J.*, 220 Neb. 102, 368 N.W.2d 474

(1985). If a parent does not become rehabilitated within a reasonable time, the prognosis for rehabilitation is poor, and it is in the best interests of the child, then a final disposition terminating parental rights should be made without delay. See, *In re Interest of K.L.N. and M.J.N., ante* p. 595, 407 N.W.2d 189 (1987); *In re Interest of A.L.N.*, 223 Neb. 675, 392 N.W.2d 780 (1986); *In re Interest of S.W.*, 220 Neb. 734, 371 N.W.2d 726 (1985); *In re Interest of M.*, 215 Neb. 383, 338 N.W.2d 764 (1983).

The rehabilitation plan ordered by the juvenile court in this case required the mother to undergo a psychological evaluation, obtain housing suitable for herself and the daughter, obtain and maintain suitable employment, refrain from prostitution or other criminal activity, complete a parent training program, attend Parents United meetings, obtain a general equivalency diploma (she had dropped out of school at the 10th grade), maintain regular visitation with the daughter, and cooperate with the caseworkers assigned to the case.

The mother did not undergo a psychological evaluation, notwithstanding the fact one was arranged without cost. Yet the mother has the audacity to now argue that since a psychological evaluation was not performed, it cannot be determined that she had the capacity to comply with the rehabilitation plan, and, thus, her parental rights cannot be terminated. To the extent there may be any truth to the claim that her capacity to comply with the rehabilitation plan cannot be determined, and to the extent such a condition may have relevance to the issues pled, she herself is the author of that circumstance and therefore cannot complain of it.

The evidence also establishes that the mother failed to obtain suitable housing and did not obtain and maintain suitable employment during the almost 2 years this matter pended in the juvenile court. It is true, however, that by the time of the termination hearing on September 4, 1986, she had begun full-time employment as a receptionist with an automobile repair business. She did not complete a parenting program, attend Parents United meetings, or make any substantial progress toward obtaining a general equivalency diploma, and although she and the daughter interacted well with each other

during visitations, the mother kept only about one-half of the scheduled visitations with the daughter. While the mother was not arrested for prostitution during the pendency of this action in the juvenile court, she was incarcerated for other criminal offenses, including shoplifting, carrying a concealed weapon, disorderly conduct, and assault and battery.

We conclude from our de novo review of the record, having given weight to the fact the juvenile court judge observed the witnesses and judged their credibility, *In re Interest of R.A. and V.A., supra,* that the evidence clearly and convincingly establishes, *In re Interest of J.W.,* 224 Neb. 897, 402 N.W.2d 671 (1987), that the daughter lacks proper parental care by reason of her mother's faults or habits, that the rehabilitation plan ordered by the juvenile court was a reasonable one, that the mother has not substantially complied with the plan, that the prognosis for her rehabilitation is poor, and that it is in the best interests of the daughter that the mother's parental rights be terminated without further delay. *In re Interest of S.H., L.H., & A.H., ante* p. 452, 406 N.W.2d 112 (1987). As reaffirmed recently, a child's future cannot be made to await his or her parent's uncertain maturity. See *In re Interest of C.G.C.S., ante* p. 605, 407 N.W.2d 196 (1987).

Thus, grounds for terminating the mother's parental rights exist under the provisions of Neb. Rev. Stat. § 43-292(6) (Reissue 1984), in that "reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination" that the daughter is a child described in § 43-247(3)(a).

AFFIRMED.