WHITEHOUSE ENERGY SAVERS, INC., APPELLEE, V. JOHN HANLON, COMMISSIONER OF LABOR, APPELLANT.

334 N.W.2d 802

Filed June 10, 1983. No. 82-422.

Pamela A. Mattson, for appellant.

No appearance for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

This action arose as a result of a determination by the chief of contributions of the Nebraska Department of Labor, Division of Employment, that the plaintiff, Whitehouse Energy Savers, Inc., as an employer, was liable for contributions to the Unemployment Compensation Fund on account of wages it had paid to the installers of siding which had been sold by the plaintiff to homeowners. That decision was appealed to the Nebraska Appeal Tribunal, which, following a hearing, upheld the administrative decision.

The plaintiff then filed a petition in the District Court of Douglas County, seeking a reversal of the decision of the appeal tribunal. The District Court did in fact enter an order reversing that decision and remanding the cause for further proceedings. The Commissioner of Labor has appealed to this court, but the plaintiff has failed to file a brief or otherwise appear.

At the outset we are faced with a question as to jurisdiction. Although raised by neither party, we feel compelled to consider the issue because the parties cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent. *Bd. of Ed. of Keya Paha County v. State Board of Education*, 212 Neb. 448, 323 N.W.2d 89 (1982). Stated somewhat differently, the mere fact that the parties appeared in the District Court of Douglas County and tried the cause without raising the question of jurisdiction is immaterial, since consent of the parties cannot confer upon a court jurisdiction of the subject matter and the judgment of the " 'district court from which this error proceeding had been

prosecuted is *coram non judice.*' " *Schmidt v. Henderson,* 148 Neb. 343, 356, 27 N.W.2d 396, 403 (1947).

The Employment Security Law is found in Neb. Rev. Stat. §§ 48-601 et seq. (Reissue 1978). In that act appeals are provided for in two different areas. Beginning at § 48-623, provisions are made for the payment to employees of unemployment benefits in varying amounts under different circumstances. Section 48-630 states that "A determination upon a claim filed . . . shall be made promptly by a representative designated by the commissioner, hereinafter referred to as a deputy . . . ." Section 48-632 provides that "Notice of a determination upon a claim shall be promptly given to the claimant . . . [and] in the same manner to any employer . . . ." In order "(1) To hear and decide disputed claims, the commissioner shall appoint one or more impartial appeal tribunals . . . ." § 48-633. Finally, "Within ten days after a decision of an appeal tribunal has become final, the commissioner, or any party to the proceedings before the appeal tribunal, may obtain judicial review thereof by filing (1) in the district court of the county in which the individual claiming benefits claims to have been last employed or in which such claimant resides or (2) in any district court of this state upon which the parties may agree, a petition for review of such decision." § 48-638.

It should be pointed out that although the filing of a claim by one who asserted that he was an employee of the plaintiff prompted the action taken by the commissioner in this case, i.e., an investigation and determination as to whether the plaintiff was subject to the Nebraska Employment Security Law, it was not a proceeding to determine benefits for a specific employee, nor was any claim allowed or denied.

Beginning at § 48-648, provision is made for the payment of contributions by an employer. At § 48-650 it is provided that "The commissioner shall

promptly notify each employer of his rate of contributions . . . . Such determination shall become conclusive . . . unless . . . the employer files an application for review . . . but no employer shall have standing, in any proceeding involving his rate of contributions *or contribution liability,* to contest the chargeability to his account . . . except upon the ground that the services on the basis of which such benefits were found to be chargeable did not constitute services performed in employment for him . . . which shall become final unless . . . a petition for judicial review is filed *in the district court of Lancaster County.*'' (Emphasis supplied.)

It seems to us that the proceedings involved herein relate to the "contribution liability" of the plaintiff, not to the awarding of benefits to a claimant, and are governed by § 48-650.

Perhaps a reference to the statutes of two of our sister states will help to illustrate our position. In the State of Washington, Wash. Rev. Code Ann. § 50.32.020 (1962) provides for the review by an appeal tribunal of the determination of any claim for benefits; § 50.32.030 (1962) prescribes the steps to be taken in petitioning the appeal tribunal as to any order of assessment, denial of refund, or a disputed experience ruling; and, ultimately, at § 50.32.120 (Supp. 1983), "Judicial review of a decision of the commissioner involving the review of an appeals tribunal decision may be had only in accordance with . . . RCW 34.04.130." Section 34.04.130 (Supp. 1983) provides that review proceedings "shall be instituted by filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of the petitioner's residence or principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located."

In Wisconsin, benefit appeals are also separated from an appeal as to other issues. Wis. Stat. Ann. § 108.09(4) (West Supp. 1982) provides for appeal

tribunals to hear and decide disputed claims, and § 108.09(7) grants the right of "judicial review of a decision of the commission." Section 108.10 (West Supp. 1982) sets forth the steps required for "[s]ettlement of issues other than benefit claims." Under subsection (2), "Any hearing duly requested shall be held before an appeal tribunal established as provided by s. 108.09(4)"; and at subsection (4), "The department or the employer may commence action for the judicial review of a commission decision . . . and the manner thereof insofar as applicable, shall be the same as that provided in s. 108.09(7)."

The point, of course, is that both Washington and Wisconsin, although recognizing that the allowance of benefit claims and the determination of liability of an employer under the act are two different proceedings, provide for judicial review in the same manner, whereas in Nebraska provision is made for two entirely different and distinct avenues of appeal.

The right of appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action. *Bd. of Ed. of Keya Paha County v. State Board of Education*, 212 Neb. 448, 323 N.W.2d 89 (1982). The plaintiff, in the first instance, failed to comply with the provisions of § 48-650, as it was required to do.

"It is fundamental that want of jurisdiction of the subject matter of the action is a defect which requires the court to proceed by dismissal of the case or other suitable action." *Catania v. The University of Nebraska*, 204 Neb. 305, 315-16, 282 N.W.2d 27, 33 (1979).

The District Court acquired no jurisdiction over these proceedings. Accordingly, its judgment is reversed and the cause remanded with directions to dismiss the appeal from the appeal tribunal.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.