NORTHERN MESSENGER, INC., APPELLEE, V. RONALD E.
SORENSEN, COMMISSIONER OF LABOR, APPELLANT, DOUGLAS
MOLZER, INTERVENOR-APPELLANT.

359 N.W.2d 787

Filed December 21, 1984.   No. 84-342.

Pamela A. Mattson, for appellant Commissioner of Labor.

Gary L. Fischer, for appellant Molzer.

David M. Woodke, Stephen M. Kalhorn, and John W. Iliff of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

This appeal arises from the reversal by the district court for Lancaster County of the Nebraska Appeal Tribunal's affirmance of the determination of the appellant Nebraska Commissioner of Labor that the appellee, Northern Messenger, Inc., is an employer and, as such, is liable under the Employment Security Law for contributions to the

Unemployment Compensation Fund. The commissioner and appellant Douglas Molzer, an intervenor before the appeal tribunal, urge that the district court lacked subject matter jurisdiction because of the manner in which the appeal to that court was taken. We agree, and therefore reverse and remand with directions to dismiss the appeal taken from the appeal tribunal to the district court.

Northern Messenger is in the messenger and courier business and provides its services through drivers who contract to provide their own vehicles in exchange for a portion of the gross revenues generated by the deliveries they make. Apparently as the result of a claim for unemployment compensation benefits filed by Molzer, who formerly drove for Northern Messenger, the Department of Labor conducted an investigation as to the nature of the relationship between Northern Messenger and its drivers. As a result, the commissioner determined that the drivers were employees rather than independent contractors, thereby rendering Northern Messenger liable for contributions as aforesaid. Northern Messenger appealed that determination to the appeal tribunal, which later permitted Molzer to intervene. The intervention is discussed again later in this opinion. On April 20, 1983, the appeal tribunal affirmed the commissioner's determination. An appeal therefrom was taken to the district court for Douglas County. Thereafter, on October 11, 1983, upon the joint motion of the parties, that appeal was transferred to the district court for Lancaster County.

We agree with the contention of the commissioner and Molzer that *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983), which came to us in the same procedural posture as the instant case, requires that we reverse the judgment of the district court for Lancaster County. In *Whitehouse* a claim for benefits resulted in an investigation which led the Commissioner of Labor, through his chief of contributions, to determine that Whitehouse was an employer liable for contributions to the Unemployment Compensation Fund. That determination was affirmed by the Nebraska Appeal Tribunal but reversed by the district court for Douglas County. We reversed the district court's judgment on the ground that court lacked subject matter jurisdiction, such jurisdiction

being solely in the district court for Lancaster County.

As noted in *Whitehouse,* the Employment Security Law, Neb. Rev. Stat. §§ 48-601 et seq. (Reissue 1984), provides one avenue of judicial appeal when the dispute concerns benefit liability and another when the dispute concerns contribution liability. Section 48-638 provides for judicial review in benefit liability disputes by appeal to the district court for the county in which the individual claiming benefits claims to have been last employed, or in which such claimant resides, or to any district court upon which the parties may agree. Section 48-650 provides for judicial review in contribution liability disputes only by appeal to the district court for Lancaster County. Both statutes require that the judicial appeals be taken within 30 days of certain occurrences.

The record establishes that the proceedings leading to the appeal before us began as an inquiry to determine Northern Messenger's relationship with its drivers. The commissioner determined that the drivers are not independent contractors as Northern Messenger contends but, rather, are employees, thus rendering Northern Messenger liable for contributions to the Unemployment Compensation Fund. It was that adverse determination which Northern Messenger appealed to the Nebraska Appeal Tribunal and subsequently to the district court for Douglas County. As we have noted earlier, the only court having subject matter jurisdiction to review a determination that one is liable for contributions to the Unemployment Compensation Fund is the district court for Lancaster County. Accordingly, the attempted appeal by Northern Messenger to the district court for Douglas County was completely ineffective. The requirements of a statute granting the right to appeal are mandatory and must be complied with in order for the appellate court to acquire jurisdiction. *State v. Schroder, post* p. 860, 359 N.W.2d 799 (1984); *Nicholson v. City of Bellevue,* 215 Neb. 540, 339 N.W.2d 758 (1983). Since the transfer to the district court for Lancaster County did not occur until well after 30 days following the appeal tribunal's decision, the district court for Lancaster County likewise failed to acquire jurisdiction.

Northern Messenger attempts to distinguish the instant case

from *Whitehouse* by calling our attention to the fact that in *Whitehouse* no claim for benefits to a specific employee was involved, whereas, in the instant case, Molzer's intervention, according to Northern Messenger, resulted in the allowance of his claim for benefits. We point out, first of all, that although the record establishes that Molzer was allowed to intervene while Northern Messenger's appeal was pending before the appeal tribunal, it does not reveal Molzer's allegations or the relief he sought by that intervention, nor does it reveal whether or what relief was granted to him. Whether Molzer should have been allowed to intervene is not before us; what is clear, however, is that no action taken by the appeal tribunal can alter the jurisdiction of the district court to consider and decide a particular appeal. The jurisdiction of a court flows from constitutional and statutory provisions and from the common law, so far as the latter is not repugnant to the federal Constitution or the Constitution of the state. 21 C.J.S. *Courts* § 28 (1940).

Since the district court acquired no jurisdiction, its judgment is reversed and the cause remanded with directions to dismiss the appeal to it from the appeal tribunal.

REVERSED AND REMANDED WITH DIRECTIONS.