DONNA KARNES, TAX COMMISSIONER OF THE STATE OF
NEBRASKA, APPELLANT, V. WILKINSON MANUFACTURING
COMPANY, A NEBRASKA CORPORATION, ET AL., APPELLEES.
368 N.W.2d 788

Filed June 7, 1985.   No. 83-914.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellant.

Paul S. Dye and Sharon R. Kresha of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellee Wilkinson Manufacturing.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

WHITE, J.

The plaintiff, Donna Karnes, Tax Commissioner of the State of Nebraska, appeals from an order of the district court for Lancaster County, Nebraska, denying the plaintiff standing to appeal a decision of the State Board of Equalization and Assessment.

The defendant, Wilkinson Manufacturing Company, is a primary contractor with the U.S. Department of Defense. Under the terms of Wilkinson's contracts with the United States, the machinery and tooling acquired to manufacture the contracted-for items are owned by the United States. At the termination of the contracts the items remain the property of the United States.

The Nebraska Department of Revenue issued a notice of deficiency determination imposing use tax on the above-described items of machinery and tooling. Wilkinson

paid the tax and filed a claim for refund with the Department of Revenue. Following a hearing, the Tax Commissioner denied Wilkinson's claim for refund and upheld the deficiency assessment, penalty, and interest. Wilkinson Manufacturing appealed the Tax Commissioner's decision to the state board. Following a hearing before the state board, on which the Tax Commissioner sat as a member, the board reversed the Tax Commissioner's decision and ordered that the tax, penalty, and interest be refunded to Wilkinson Manufacturing.

The plaintiff appealed the decision of the state board to the Lancaster County District Court. The district court dismissed the action on the ground that the Tax Commissioner did not have standing to appeal the decision of the state board. The question is simply whether the Legislature has given the Tax Commissioner the right of appeal from the decisions of the board of which she is a member. We agree with the district court that the Legislature has not given her that right.

It is a well-recognized rule that the right of appeal is statutory and the requirements of a particular statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of an action. *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983). The applicable statutes do not give the Tax Commissioner the right to appeal from a final decision of the state board.

Neb. Rev. Stat. § 77-27,127 (Reissue 1981) describes the appeal procedure from the state board and states:

Any final decision of the State Board of Equalization and Assessment shall be *subject to judicial review as provided in sections 84-917 to 84-919.* Any final action of the Tax Commissioner, if the person aggrieved thereby elects not to appeal first to the State Board of Equalization and Assessment, shall be subject to judicial review as provided in sections 84-917 to 84-919, as though it were a final decision of the State Board of Equalization and Assessment. The review provided by this section shall be the exclusive remedy available to any taxpayer and no other legal or equitable proceedings shall issue to prevent or enjoin the assessment or collection of any tax imposed

under the provisions of sections 77-2701 to 77-27,135. (Emphasis supplied.)

In accordance with § 77-27,127 judicial review of a final decision of the state board is governed by Neb. Rev. Stat. § 84-917 (Reissue 1981), which provides in part:

Any *person aggrieved* by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review under sections 84-917 to 84-919. Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law.

(Emphasis supplied.) "Person aggrieved" as used in § 84-917 is not defined under the provisions of Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981). However, "person aggrieved" as used in § 77-27,127 clearly does not include the Tax Commissioner, since the commissioner could hardly have been "aggrieved" by her own decision. The provisions of § 84-917 are simply not applicable to her.

Section 84-917, which governs judicial review of the state board, limits such review to a "person aggrieved." Since the Tax Commissioner is not a person as defined by the statutes, she does not have the right to appeal a decision of the state board. We affirm the decision of the district court denying standing to the plaintiff to appeal the decision of the State Board of Equalization and Assessment.

AFFIRMED.

CAPORALE, J., not participating.