UNITED LABORATORIES, INC., A DELAWARE CORPORATION, APPELLANT, V. RONALD E. SORENSEN, COMMISSIONER OF LABOR, AND JAMES P. BREEDEN, APPELLEES.

369 N.W.2d 647

Filed July 5, 1985.   No. 84-725.

John D. Hartigan, Jr., of Kennedy, Holland, DeLacy & Svoboda, and Paul G. Simon and Dennis Pence of Keck, Mahin & Cate, for appellant.

Jerry D. Slominski, for appellee Sorensen.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal in a contribution case from a determination made by the Nebraska Department of Labor, finding that James P. Breeden was an employee of the appellant, United Laboratories, Inc., and not an independent contractor, and therefore appellant was liable for contributions to the state Unemployment Compensation Fund. United Laboratories appealed the decision of the Department of Labor to the district court for Douglas County, Nebraska, which thereafter dismissed the appeal on the basis that the appeal should have been filed in the district court for Lancaster County, Nebraska,

pursuant to Neb. Rev. Stat. § 48-650 (Reissue 1984). It is from that order of dismissal that United Laboratories now appeals. The decision in this case is controlled by our earlier decisions in *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983), *Northern Messenger v. Sorensen*, 218 Neb. 846, 359 N.W.2d 787 (1984), and *State v. Saville*, 219 Neb. 81, 361 N.W.2d 215 (1985). The decision of the district court in dismissing the appeal is affirmed.

AFFIRMED.

GRANT, J., concurring.

I agree with the opinion of the majority, but my concurrence is based on my conclusions as to certain actions of the Commissioner of Labor. In my judgment the commissioner's action in, in effect, appointing the Nebraska Appeal Tribunal to hold the hearing required by Neb. Rev. Stat. § 48-650 (Reissue 1984) and to render the commissioner's order on redetermination as required by that statute has created additional confusion in an already confusing area of the law.

Neb. Rev. Stat. § 48-633 (Reissue 1984) establishes "impartial appeal tribunals" which are to "hear and decide disputed claims." Claims are defined in Neb. Rev. Stat. § 48-629 (Reissue 1984) as "claims for benefits." Benefits are the subject of Neb. Rev. Stat. §§ 48-623 through 48-647 (Reissue 1984). In *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983), we stated that appeals in connection with claims for benefits are to be taken to the district court of the county of the claimant's last employment or residence, or any district court upon which the parties agree. See § 48-638.

There appears to be little problem with that side of the procedure. The problems arise in the cases involving contribution liability. Appeals involving the contribution liability of the employer are taken to the district court for Lancaster County, under § 48-650. It is clear from a reading of that section that the appeal is not from an "appeal tribunal," however, but, rather, the appeal is from the commissioner's "denial of his [the employer's] application" or the commissioner's redetermination. In this case the appeal tribunal was performing that function on behalf of the

commissioner, apparently on assignment of the commissioner. Since the determination of the appeal tribunal in cases under § 48-650 is, in reality, a determination of the commissioner, the commissioner would have no right to appeal an adverse finding. See *Karnes v. Wilkinson Mfg., ante* p. 150, 368 N.W.2d 788 (1985).

With that in mind I would also express disapproval of the commissioner's practice of using the Nebraska Appeal Tribunal to make his determinations as to the issues on contribution under § 48-650. Such a practice can only mislead parties to the proceedings and add confusion to an already complex situation. Further, it is questionable if the statutes permit such a use of the tribunal. Nevertheless, I concur, because in my judgment in this case the findings of the appeal tribunal are simply those of the commissioner on his redetermination of a contribution issue under § 48-650. In that situation, appeal must be taken to the district court for Lancaster County.