REBECCA GILMORE, GUARDIAN AND CONSERVATOR OF THE ESTATE
OF ROXANNE GOSHINSKA AND JOANN GOSHINSKA, MINORS,
APPELLANT, V. NEBRASKA CRIME VICTIM'S REPARATIONS BOARD,
APPELLEE.

407 N.W.2d 736

Filed June 19, 1987.   No. 85-728.

John R. Doyle and Timothy J. Doyle, for appellant.

Robert M. Spire, Attorney General, and John R. Thompson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of the district court for Lancaster County, which dismissed the appeal to that court from a decision of the Nebraska Crime Victim's Reparations Board for lack of jurisdiction. A brief recitation of the facts is necessary.

The appellant, Rebecca Gilmore, who appears by new counsel in this appeal, on behalf of herself and as guardian of her two minor sisters, filed a claim with the reparations board after their mother had been murdered. A hearing officer, on September 17, 1980, recommended an award be made in favor of Rebecca for funeral expenses, nothing for the two minors, and an attorney fee. On October 22, 1980, in a decision by the reparations board, the recovery was limited to burial expenses, apparently relying on the hearing officer's interesting rationale that since the sisters were being provided for by Rebecca and

social security, they had suffered no monetary loss. That theory, however, is not before us, and we will not comment on it further.

On November 21, 1980, a petition was filed in the district court for Douglas County, praying that the order of the reparations board be vacated and the claims of the appellant be allowed. A special appearance was filed on December 29, 1980, by the Attorney General, alleging only that the "plaintiff [has] failed to comply with the provisions of Neb. Rev. Stat. §84-917 (Reissue 1976)." On February 13, 1981, an answer was filed by the Attorney General, in which it is alleged that the Nebraska Crime Victim's Reparations Board held its meeting of October 22, 1980, in Lancaster County, and to which is attached a copy of the order of the board and a copy of the minutes of the board. The order does not reflect where the board met and took action; however, the minutes do so reflect.

On June 22, 1981, the Attorney General filed a "Motion to Dismiss or in the Alternative for a Change of Venue." The trial court overruled the separate special appearance, denied the motion to dismiss, and granted a change of venue to Lancaster County. Subsequently, the matter was submitted to a judge of the district court for Lancaster County, and that court, on April 2, 1985, held that it was without jurisdiction to hear the appeal and ordered the action dismissed. This appeal followed.

Essentially only one error is assigned, that the court erred in dismissing the appeal for lack of jurisdiction. Since the merits of the cause are not involved, no discussion will be had concerning them. We confine ourselves to the jurisdictional issue.

At the time this claim was heard and decided, Neb. Rev. Stat. § 81-1806 (Reissue 1981) provided for the appointment of hearing officers to conduct hearings and to report their findings of fact and conclusions of law to the board. After considering the report, the board could then take such action as it considered appropriate.

The board and the hearing officer are granted complete discretion in the selection of the times and places of hearings and meetings. Neb. Rev. Stat. § 81-1810 (Reissue 1981). See, also, rule 3 of the Rules and Regulations of the Nebraska Crime

Victim's Reparations Board (May 16, 1979). An appeal from a determination of the board is governed by chapter 84, article 9, of the Nebraska statutes. Neb. Rev. Stat. § 81-1832 (Reissue 1981); *Lambert v. Nebraska Cr. Vict. Rep. Bd.*, 214 Neb. 817, 336 N.W.2d 320 (1983).

The pertinent part of Neb. Rev. Stat. § 84-917 (Reissue 1981) involved here is set out as follows:

> (2) Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. Summons shall be served as in other actions except that a copy of the petition shall be served upon any such agency together with the summons. The court, in its discretion, may permit other interested persons to intervene.

In the discussion in her brief, appellant seems to argue that the "action taken" was taken in Douglas County and that if the venue transfer was erroneous, the cause should be remanded to the district court for Douglas County. It is true that, unlike Neb. Rev. Stat. § 48-650 (Cum. Supp. 1986), where the district court for Lancaster County is the designated repository of contribution liability disputes, the Nebraska Crime Victim's Reparations Act does not designate one district court as the tribunal having sole jurisdiction of disputes. Rather, the act allows board or hearing officer action at any place, presumably in the state, and the appeal would lie in the geographical county where the act appealed from took place. Appellant urges that the appeal should be brought in the county where the hearing examiner conducted the hearing. The recommendation of the hearing examiner is not the order from which appeal is taken. It is the board's order. The meeting occurred in Lancaster County. As the appeal was not taken within 30 days to the district court, the district court did not acquire jurisdiction and the appeal should be dismissed. The requirements of a statute governing the right to appeal are mandatory and must be complied with in order for the appellate court to acquire jurisdiction. *Northern Messenger v. Sorensen*, 218 Neb. 846, 359 N.W.2d 787 (1984).

However, the appellant suggests that since the appeal was

timely docketed in Douglas County, the action can be transferred to Lancaster County, and the filing date, as in civil actions, relates back to the original filing date. Appellant misses the point. The district court for Douglas County never acquired jurisdiction of the appeal. Any purported transfer after the 30 days following the board's decision was ineffective in conferring jurisdiction on the Lancaster County District Court. *Northern Messenger v. Sorensen, supra.*

The judgment is affirmed.

AFFIRMED.