The main opinion quotes with approval from Judge Crawley's dissenting opinion. Hilley v. General Motors Corp., 800 So.2d 150,158 (Ala.Civ.App. 1999). Judge Crawley's dissent cites Rule 81(a), Ala.R.Civ.P., for the proposition that "`once an appeal is in the circuit court, the Alabama Rules of Civil Procedure apply.'" 800 So.2d at 159 (quoting Tyson Foods, Inc. v. Thompson, *Page 164 719 So.2d 847, 851 (Ala.Civ.App. 1998) (Crawley, J., dissenting)). From there, Judge Crawley refers to Rule 82(d)(1), which provides for the transfer of an action that has been commenced in the wrong county. Although I agree with the conclusion that "§ 25-4-95, in referring to a claimant's county of residence, does not confer jurisdiction, but, instead, directs the proper venue for an appeal under that statute," 800 So.2d at 163, I write specially to discuss the circumstances that must be present in order for the Rules of Civil Procedure to apply.
The Rules of Civil Procedure cannot be applied if applying them would offend restrictions imposed by our Constitution. The Alabama Constitution of 1901 prohibits the use of procedural or administrative rules either to "abridge, enlarge or modify the substantive right of any party" or to "affect the jurisdiction of circuit and district courts or venue of actions therein." Ala. Const. of 1901, Amend. No. 328, § 6.11. At the same time, Rule 81(a) reads:
 "(a) Proceedings Controlled by Statute. In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute:
". . . .
 "(32) All other actions or proceedings removed, appealed, taken by certiorari or otherwise brought into the courts enumerated in Rule 1. The applicability of these rules as provided in this subdivision (a) shall not affect the scope of review or hearing."
(Emphasis added.) Therefore, when a statute regulating a proceeding is silent on a particular issue, the Alabama Rules of Civil Procedure will apply, so long as the application of those Rules does not violate § 6.11 of the Constitution.
Before reaching that constitutional question, we should determine whether § 25-4-95, Ala. Code 1975, is silent on the issue of a transfer based on improper venue. Section 25-4-95
provides that one may secure judicial review of a decision of the Board of Appeals of the Department of Industrial Relations "by filing a notice of appeal in the circuit court of the county of the residence of the claimant." Thus, we must ask whether the Legislature, in formulating the remedy of judicial review in § 25 4-95, specifically excluded the prospect of a transfer upon a filing in the wrong county. Finding no such exclusion expressed in § 25-4-95, I conclude that that statute is silent on this issue.
Next, we should ask whether this Court can rely on that silence and apply Rule 82(d)(1), allowing a change of venue, without violating Amend. No. 328, § 6.11. By selecting the circuit court as the place for filing the notice of appeal, the Legislature brought the Constitution into play by specifying a unit of the constitutionally mandated "unified judicial system." Ala. Const. of 1901, Amend. No. 328, § 6.01. The circuit courts of this State have "general jurisdiction in all cases except asmay otherwise be provided by law." Ala. Const. of 1901, Amend. No. 328, § 6.04 (emphasis added). Therefore, the silence of §25-4-95 in regard to the exclusivity of the county in which a notice of appeal may be filed, should be treated as the Legislature's failure to "otherwise provide by law." In other words, when the Legislature conferred the power to conduct judicial review of rulings of the Board of Appeals of the Department of Industrial Relations, on the circuit court (a court of general jurisdiction) of the county of the residence of the claimant, it did so in a setting where the Constitution authorized it to limit the jurisdiction of that court in such proceedings if it chose to do so. As previously noted, it plainly did not. This *Page 165 
inaction on the part of the Legislature is authorized by § 6.04, and to interpret Rule 81(a)(32) so as to allow the application of Rule 82(d)(1) therefore cannot be viewed as applying the Rules of Civil Procedure in such a way as to "affect the jurisdiction" of a circuit court, contrary to § 6.11.
Other jurisdictions that have addressed statutes prescribing a particular place for the review of rulings of unemployment-compensation boards have not reached consistent results. Some jurisdictions addressing these statutes have treated them as prescribing proper venue for the review, rather than as establishing a particular court's exclusive subject-matter jurisdiction. See, e.g., Robinson v. Oklahoma Employment Sec.Comm'n, 932 P.2d 1120 (Okla. 1997); Smith v. Hayes Albion,214 Mich. App. 82, 542 N.W.2d 298 (1995). Cases from other jurisdictions have treated such statutes as granting a particular court exclusive subject-matter jurisdiction over the review, but those cases have not arisen in circumstances such as we have here. See, e.g., Basin Elect. Power Coop. v. North Dakota WorkersCompensation Bureau, 541 N.W.2d 685 (N.D. 1996); Collins Assocs.Dietary Consultants, Inc., 724 S.W.2d 243 (Mo. 1987); Caruso v.Nevada Employment Sec. Dep't, 103 Nev. 75, 734 P.2d 224 (1987); and Northern Messenger, Inc. v. Sorensen, 218 Neb. 846,359 N.W.2d 787 (1984). The combined effects of Ala. Const. of 1901, Amend. No. 328, §§ 6.01, 6.04, and 6.11, and Rules 81(a)(32) and 82(d)(1), Ala.R.Civ.P., require a different result for our circuit courts. I therefore concur.