BOONE COUNTY BOARD OF EQUALIZATION, COUNTY OF BOONE, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT, V. NEBRASKA TAX EQUALIZATION AND REVIEW COMMISSION, APPELLEE.

611 N.W.2d 119

Filed May 23, 2000.   No. A-99-1004.

David R. Medlin, Boone County Attorney, for appellant.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

HANNON, INBODY, and CARLSON, Judges.

HANNON, Judge.

## INTRODUCTION

The Boone County Board of Equalization petitioned the Nebraska Tax Equalization and Review Commission for an adjustment to certain property value assessments in Boone County. After a hearing in which evidence was presented, the commission found that the Boone County Board had failed to meet its burden of proof in justifying an adjustment, and therefore, the commission denied the Boone County Board's petition. The Boone County Board now appeals, alleging that the commission erred in (1) denying its petition, (2) making numerous findings of fact, and (3) failing to find that the Boone County Board was entitled to a presumption that it had faithfully performed its official duties. Before discussing the merits of the Boone County Board's appeal, the commission argued that this court does not have jurisdiction to hear the appeal. We agree with the commission on the jurisdictional issue and dismiss the appeal accordingly.

## PROCEDURAL BACKGROUND

### PROCEDURAL STRUCTURE GENERALLY

We believe a short review of the general procedural structure of the commission's equalization proceedings would be helpful. Pursuant to Neb. Const. art. IV, § 28, the commission is empowered "to review and equalize assessments of property for taxation within the state." Specifically, "[t]he commission shall annually equalize the values of all real property as submitted by the county assessors on the abstracts of assessments and equalize the values of real property which is valued by the state." Neb. Rev. Stat. § 77-5022 (Supp. 1999). The commission does so by determining whether it is necessary to "increase or decrease the value of a class or subclass of real property of any county or tax district . . . so that all classes or subclasses of real property in all counties fall within the acceptable range [as provided by statute]." Neb. Rev. Stat. § 77-5023 (Cum. Supp. 1998). The commission meets as soon as it has received the above-described assessments and has the power to adjourn from time to time until the equalization process is complete. § 77-5022.

On or before April 5 of each year, the Property Tax Administrator (PTA) is required to "prepare statistical and narrative reports informing the commission of the level of value and the quality of assessment of the classes and subclasses of real property in the state." Neb. Rev. Stat. § 77-5027 (Cum. Supp. 1998). According to § 77-5027, "[t]he commission shall, pursuant to section 77-5026, raise or lower the valuation of any class or subclass of property in a county when it is necessary to achieve equalization." According to Neb. Rev. Stat. § 77-5026 (Cum. Supp. 1998), "if the commission finds that a just, equitable, and legal assessment of the property in the state cannot be made without increasing or decreasing by a percentage the value of a class or subclass of property as returned by any county, the commission shall . . . set a date for hearing." § 77-5026. "At the hearing the legal representatives of the county may appear and show cause why the value of a class or subclass of the property of the county should not be adjusted. At the hearing, the commission may receive testimony from any interested person." *Id.*

After such a hearing, the commission is required to enter an order by May 15 based on information presented to it. Neb. Rev. Stat. § 77-5028 (Cum. Supp. 1998). "The order shall specify the percentage increase or decrease and the class or subclass of property affected or the corrections or adjustments to be made to the class or subclass of property affected." *Id.*

### Procedural Posture of Case

On April 5, 1999, the commission received into evidence the PTA's assessment required by § 77-5027. The PTA's report explained that it "appear[ed] a new [third] market area ha[d] developed" in Boone County and that for the class of agricultural land, the county "recognize[d] three market areas." Using three market areas for the county, the PTA opined that the level of value for agricultural land in Boone County was within the acceptable range provided in § 77-5023.

Based on the PTA's assessment, the commission entered a "Findings and Order" on April 13, 1999, concluding that "a just and equitable assessment of property in the County may be made without increasing or decreasing by a percentage the value of a class or subclass of property as returned by the County" and

that therefore "no adjustment by class or subclass by a percentage [was required to] be made for Boone County for tax year 1999." Accordingly, no show cause hearing was ordered as to the assessment practices of Boone County for tax year 1999.

On July 22, 1999, the Boone County Board then filed a petition with the commission pursuant to Neb. Rev. Stat. § 77-1504.01 (Supp. 1999). Section 77-1504.01 provides that a county board of equalization may petition the commission to consider an adjustment to a class or subclass of real property within the county after the county board hears protests from county residents pursuant to Neb. Rev. Stat. §§ 77-1502 (Cum. Supp. 1998) and 77-1504 (Supp. 1999). The commission is required to act on such petitions by August 10, and hearings conducted pursuant to § 77-1504.01 are to be in the manner described for hearings under § 77-5026. See § 77-1504.01.

The commission heard the Boone County Board's petition on August 3, 1999, and issued its "Findings and Orders" that same day. In its order, the commission recognized that the Boone County Board's petition was filed pursuant to § 77-1504.01 and that the commission had jurisdiction under the same. Having found that the Boone County Board had failed to meet the appropriate burden of proof for an adjustment, the commission denied the relief requested and dismissed the petition. The Boone County Board now appeals that decision.

## ASSIGNMENTS OF ERROR

The Boone County Board alleges, summarized, that the commission erred in (1) denying the petition, (2) making numerous findings of fact, and (3) failing to find that the Boone County Board was entitled to a presumption that it had faithfully performed its official duties.

## STANDARD OF REVIEW

Neb. Rev. Stat. § 77-5019(5) (Supp. 1999) instructs that "review [by the Court of Appeals of the commission's decision] shall be conducted by the court for error on the record of the commission." However,

> [s]ubject matter jurisdiction is a question of law for the court. . . . When reviewing a question of law, an appellate

court reaches a conclusion independent of the lower court's ruling. . . .

Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine.

*Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 354, 591 N.W.2d 524, 528 (1999).

## ANALYSIS

■ "It is a well-recognized rule that the right of appeal is statutory and the requirements of a particular statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of an action." *Karnes v. Wilkinson Mfg.*, 220 Neb. 150, 151, 368 N.W.2d 788, 789 (1985).

"The right of appeal in this state is clearly statutory and, unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. And if these statutes create such a right, the mode and manner of appeal is statutory and such jurisdiction can only be conferred in the manner provided by statute."

*Lydick v. Johns*, 185 Neb. 717, 719, 178 N.W.2d 581, 582-83 (1970) (quoting *Peck v. Dunlevey*, 184 Neb. 812, 172 N.W.2d 613 (1969)).

Section 77-5019(1) governs the procedure for appeals and judicial review of the commission's actions as follows:

Any party aggrieved by a final decision in a case appealed to the commission and any county or other political subdivision aggrieved by an order of the commission issued pursuant to section 77-5028 shall be entitled to judicial review in the Court of Appeals. Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law.

■ With respect to statutory interpretation, the Nebraska Supreme Court's well-settled rule is as follows:

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate

court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. . . . In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute.

*Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 87, 601 N.W.2d 907, 915 (1999).

Under § 77-5019(1), two instances exist under which a party may appeal a decision of the commission to this court. The first occurs when the commission renders a final decision in a case which originated elsewhere and was appealed to the commission through the proper procedures. Appeal means to "seek review (from a lower court's decision) by a higher court." Black's Law Dictionary 94 (7th ed. 1999). The second occurs when a person, county, or other political subdivision is aggrieved by an order of the commission rendered pursuant to § 77-5028. We will consider the availability of each avenue separately.

DECISIONS APPEALED TO COMMISSION

Neb. Rev. Stat. § 77-5007 (Supp. 1999) states in part:

The commission has the power and duty to hear and determine appeals of:

(1) Decisions of any county board of equalization equalizing the value of individual tracts, lots, or parcels of real property so that all real property is assessed uniformly and proportionately;

(2) Decisions of any county board of equalization granting or denying tax-exempt status for real or personal property or an exemption from motor vehicle taxes and fees;

(3) Decisions of the Property Tax Administrator determining the taxable property of a railroad company, car company, public service entity, or air carrier within the state;

(4) Decisions of the Property Tax Administrator determining adjusted valuation pursuant to section 79-1016;

(5) Decisions of any county board of equalization on the valuation of personal property or any penalties imposed under sections 77-1233.04 to 77-1233.06;

(6) Decisions of any county board of equalization on claims that a levy is or is not for an unlawful or unnecessary purpose or in excess of the requirements of the county;

(7) Decisions of any county board of equalization granting or rejecting an application for a homestead exemption;

(8) Decisions of the Department of Motor Vehicles determining the taxable value of motor vehicles pursuant to section 60-3005;

(9) Decisions of the Property Tax Administrator made under section 77-1330;

(10) Any other decision of any county board of equalization; and

(11) Any other decision of the Property Tax Administrator.

The Boone County Board was clearly not appealing to the commission from a lower tribunal; rather, it sought an adjustment of the commission's own April 13, 1999, order. The Boone County Board sought that adjustment through a petition made directly to the commission. This case does not present a situation where the commission was reviewing any of the decisions listed in § 77-5007. Accordingly, we find that we do not have jurisdiction to review the commission's August 3 order under the first avenue of appellate jurisdiction described in § 77-5019(1).

The Boone County Board argues that its "decision" to petition the commission under § 77-1504.01 is a decision that can be appealed under § 77-5007(10), which gives the commission authority to hear and determine appeals of "[a]ny other decision of any county board of equalization." We find this argument without merit. Section 77-1504.01 provides a county board of equalization the right to file a "petition." The Boone County Board's petition under § 77-1504.01 is not an appeal to the commission of the "decision" by the Boone County Board to petition the commission; rather, the petition itself sought relief on its merits as provided for in § 77-1504.01. See, also, *United States Treasury v. Synthetic Plastics Co.*, 341 F.2d 157 (1965) (term " 'decision' " in statute permitting appeal from decision of Trademark Trial and Appeal Board meant "dispositive decision in which a right has been adjudicated").

ORDERS UNDER § 77-5028

To determine whether we have jurisdiction under the second avenue of § 77-5019(1), we must determine whether the Boone County Board is appealing an order by the commission entered pursuant to § 77-5028. As described above, § 77-5028 requires that the commission enter an order by May 15 on hearings conducted pursuant to Neb. Rev. Stat. § 77-5024 (Cum. Supp. 1998) or § 77-5026. The former section pertains to review and changes by the agricultural and horticultural land valuation board. The latter section empowers the commission to increase or decrease the value of a class or subclass of any real property after a hearing when the commission finds that a just, equitable, and legal assessment of the property in the state cannot be made without the increase or decrease. The instant case does not pertain to any actions by the agricultural and horticultural land valuation board. Further, no hearing under § 77-5026 was held with respect to Boone County. Rather, the commission's April 13, 1999, order determined that no such adjustments as allowed under that section were necessary for Boone County in tax year 1999.

Neither situation provided for in §§ 77-5024 and 77-5026 occurred in this case. Under the procedural system set up by these statutes, the commission's August 3, 1999, order could not be pursuant to § 77-5028. If there is no order pursuant to § 77-5028, then the second avenue for appellate jurisdiction by this court is unavailable as well.

In further consideration of the unavailability of § 77-5019(1)'s second avenue of appellate jurisdiction, we note that both the parties and the commission agree that the Boone County Board acted pursuant to § 77-1504.01 and not pursuant to § 77-5026. In its August 3, 1999, order, the commission explained that jurisdiction was pursuant to § 77-1504.01. Section 77-1504.01 requires that the commission take action on petitions under this section by August 10. Actions under § 77-5028 must be completed by May 15. "The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible." *Ferguson v.*

*Union Pacific RR. Co.*, 258 Neb. 78, 88, 601 N.W.2d 907, 916 (1999). We believe that no stretch of logic could be made under the procedural structure provided which would give the Boone County Board a right to appeal the commission's order rendered pursuant to § 77-1504.01. Appealable orders under § 77-5028 are to be made almost 3 months before orders under § 77-1504.01. Whether done intentionally or otherwise, the Legislature did not provide for judicial appellate review of the latter orders, and it is not within our power to provide otherwise.

The Boone County Board argues that because § 77-1504.01 states that "[h]earings conducted pursuant to this section shall be in the manner prescribed in section 77-5026," the commission's orders under § 77-1504.01 are appealable similarly to orders issued under § 77-5026. We disagree. The reference made in § 77-1504.01 to § 77-5026 clearly incorporates the notice requirements, the county's ability to have legal representatives present evidence, and the commission's authority to receive testimony from any interested person. This reference cannot be used as a "back door" for appellate jurisdiction when all other avenues of appellate jurisdiction are clearly and specifically outlined by other sections. Simply because hearings under § 77-1504.01 are to be carried out in the manner described for hearings under § 77-5026 does not graft the right to appeal from § 77-5026.

We also believe our holding today is consistent with the remarks made when the 1999 amendments were made to § 77-5019(1). According to the legislative history of the amendments, § 77-5019(1) was amended "to expand the parties who may appeal an equalization decision to include any political subdivision aggrieved by an equalization order (or inaction)." Statement of Intent, L.B. 140, Committee on Revenue, 96th Leg., 1st Sess. (January 21, 1999). The chairperson of the commission at the time, in testifying before the Committee on Revenue, explained that the amendment was to correct the then current problem that there was no right to appeal from the statewide equalization proceedings between April 5 and May 15. As we explained above, the proceedings under § 77-1504.01 are distinct from the equalization proceedings referenced by the chairperson in both nature and time for jurisdictional purposes

on appeal to this court, and we believe the chairperson's comments reaffirm that belief.

## CONCLUSION

For the reasons stated above, we find that appellate jurisdiction is lacking in this case, and we therefore dismiss the Boone County Board's appeal.

APPEAL DISMISSED.