GAGE COUNTY BOARD OF EQUALIZATION, APPELLANT,
v. NEBRASKA TAX EQUALIZATION
AND REVIEW COMMISSION, APPELLEE.

619 N.W.2d 451

Filed December 1, 2000.   No. S-99-1023.

Stephen H. Nelsen, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellant.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This case presents a jurisdictional issue which was recently decided by the Nebraska Court of Appeals in *Boone Cty. Bd. v. Nebraska Tax Equal. & Rev. Comm.*, 9 Neb. App. 298, 611 N.W.2d 119 (2000) (*Boone County*). The issue is whether, at the time this appeal was filed on September 3, 1999, there was a statutory right of appeal from an order of the Nebraska Tax Equalization and Review Commission (TERC) denying a petition filed by a county board of equalization pursuant to Neb.

Rev. Stat. § 77-1504.01 (Supp. 1999). In *Boone County*, the Court of Appeals determined that no such right existed. Operative April 7, 2000, several weeks before the release of the opinion in *Boone County*, the Legislature amended Neb. Rev. Stat. § 77-5019 (Supp. 1999) to specifically authorize judicial review at the request of a party aggrieved by an order issued by TERC "pursuant to section 77-1504.01 or 77-5028." See 2000 Neb. Laws, L.B. 968. In the present case, the appeal was filed under the same statutes in effect on the operative dates in *Boone County* and prior to the amendment of § 77-5019.

## BACKGROUND

On July 26, 1999, the Gage County Board of Equalization (Board) petitioned TERC, pursuant to § 77-1504.01, for an adjustment to certain property value assessments in Gage County. The Board submitted an amended petition on August 5. On August 6, TERC entered its "Findings and Order Denying Petition." TERC found that the Board had not met its statutory burden of showing that failing to make an adjustment would result in values that were not equitable and in accordance with the law. The Board perfected this appeal to the Court of Appeals, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## STANDARD OF REVIEW

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Scottsdale Ins. Co. v. City of Lincoln, ante* p. 372, 617 N.W.2d 806 (2000).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *American Employers Group v. Department of Labor, ante* p. 405, 617 N.W.2d 808 (2000); *Baye v. Airlite Plastics Co., ante* p. 385, 618 N.W.2d 145 (2000).

## ANALYSIS

■ As the Court of Appeals correctly noted in *Boone County*, " ' "[t]he right of appeal in this state is clearly statutory and,

unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist." ' " 9 Neb. App. at 302, 611 N.W.2d at 123 (quoting *Lydick v. Johns*, 185 Neb. 717, 178 N.W.2d 581 (1970)). Our jurisdictional analysis requires consideration of three statutes as they existed from July through September 1999. The first is § 77-1504.01, pursuant to which this action was initiated. That statute is included in chapter 77, article 15, of the Nebraska Revised Statutes, which sets forth the functions of a county board of equalization, and provides:

> After completion of its actions and based upon the hearings conducted pursuant to sections 77-1502 and 77-1504, a county board of equalization may petition the Tax Equalization and Review Commission to consider an adjustment to a class or subclass of real property within the county. Petitions must be filed with the commission on or before July 26. The commission shall hear and take action on a petition filed by a county board of equalization on or before August 10. The commission, in issuing such an order to adjust a class or subclass, may exclude individual properties from that order whose value has already been adjusted by a county board of equalization in the same manner as the commission directs in its order. In implementing the order of the commission, the county assessor shall adjust the values of the class or subclass that is the subject of the order. For properties that have already received an adjustment from the county board of equalization, no additional adjustment may be made applying the commission's order, but such an exclusion from the commission's order shall not preclude adjustments to those properties for corrections or omissions. Hearings held pursuant to this section may be held by means of videoconference and shall comply with section 84-1411, except that a member of the commission need not be present at each videoconference site. A duly appointed representative of the commission shall be present at each videoconference site to take custody of any exhibits and keep a record of persons who appear at the hearing. Hearings conducted pursuant to this section shall be in the manner prescribed

in section 77-5026. The burden of proof is on the petitioning county to show that failure to make an adjustment would result in values that are not equitable and in accordance with the law. The county assessor of the county adjusted by an order of the commission shall recertify the abstract of assessment to the Property Tax Administrator on or before August 20.

The other pertinent statutes are both included in the Tax Equalization and Review Commission Act, codified at chapter 77, article 50, of the Nebraska Revised Statutes. Neb. Rev. Stat. § 77-5028 (Cum. Supp. 1998) authorizes TERC to order certain adjustments in the valuation of a class or subclass of property. It provides:

After a hearing conducted pursuant to section 77-5024 or 77-5026, the commission shall enter its order based on information presented to it at the hearing. The order of the commission shall be sent by certified mail to the county assessor and by regular mail to the county clerk and chairperson of the county board on or before May 15 of each year. The order shall specify the percentage increase or decrease and the class or subclass of property affected or the corrections or adjustments to be made to the class or subclass of property affected. The specified changes shall be made by the county assessor to each item of property in the county so affected.

The third and most critical statute for jurisdictional purposes is § 77-5019(1), which establishes a right of judicial review of certain final decisions by TERC. At the time the notice of appeal in this case was filed, § 77-5019(1) provided:

Any party aggrieved by a final decision in a case appealed to the commission and any county or other political subdivision aggrieved by an order of the commission issued pursuant to section 77-5028 shall be entitled to judicial review in the Court of Appeals. Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law.

In *Boone County*, the Court of Appeals reasoned that § 77-5019(1) provided two instances in which a party could appeal a TERC decision: (1) "when the commission renders a

final decision in a case which originated elsewhere and was appealed to the commission through the proper procedures" and (2) "when a person, county, or other political subdivision is aggrieved by an order of the commission rendered pursuant to § 77-5028." 9 Neb. App. at 303, 611 N.W.2d at 123-24. The Court of Appeals held that an appeal from a disposition by TERC of a petition filed pursuant to § 77-1504.01 did not fit into the first category of appeals permitted by § 77-5019(1) because it did not involve a decision of a lower tribunal which was appealed to TERC in the first instance pursuant to Neb. Rev. Stat. § 77-5007 (Supp. 1999). It further held that the dismissal of a petition filed pursuant to § 77-1504.01 could not be considered an order issued pursuant to § 77-5028 because the two statutes were separate and distinct. The court reasoned that while § 77-5028 requires TERC to enter an order by May 15 based upon hearings conducted pursuant to either Neb. Rev. Stat. § 77-5024 (Cum. Supp. 2000) or Neb. Rev. Stat. § 77-5026 (Cum. Supp. 2000), § 77-1504.01 requires petitions to be filed by July 26 of each year and action to be taken by August 10. Further, the court opined that the reference in § 77-1504.01 to § 77-5026 merely set forth the procedure to be followed in hearings conducted by TERC concerning a petition for adjustment.

After moving this case to our docket, we asked the parties to brief the jurisdictional issue in light of *Boone County*, which was decided during the pendency of this appeal. Both sides agree that the right to an appeal is statutory. However, they disagree as to whether § 77-5019(1), as it was worded and in effect in September 1999, conferred a right of appeal in this case. The Board does not contend that this case falls within the category of cases appealed to TERC and therefore reviewable under § 77-5019(1). Rather, it argues that TERC's order denying the relief it sought pursuant to § 77-1504.01 is in reality an order pursuant to § 77-5028 and thus is reviewable on that basis. In support of this contention, the Board argues that § 77-5026 provides the statutory authority for TERC to adjust a class or subclass of property and that because § 77-5028 requires TERC to enter an order based on proceedings pursuant to § 77-5026, the denial of relief requested in a petition pursuant to § 77-1501.04

is in reality an order pursuant to § 77-5028 for which § 77-5019(1) provides a right to judicial review.

In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *American Employers Group v. Department of Labor, ante* p. 405, 617 N.W.2d 808 (2000); *In re Interest of Joshua M. et al.*, 256 Neb. 596, 591 N.W.2d 557 (1999). We agree with the reasoning of the Court of Appeals that §§ 77-1504.01 and 77-5028 refer to separate and distinct procedures occurring at different times during the annual process of equalizing property values. This reasoning is reinforced, we believe, by the recent amendment to § 77-5019 which now authorizes judicial review of orders entered by TERC "pursuant to section *77-1504.01 or* 77-5028." (Emphasis supplied.) § 77-5019(1) (Cum. Supp. 2000). In order to ascertain the proper meaning of a statute, reference may be had to later as well as earlier legislation upon the same subject. All existing acts should be considered, and a subsequent statute may often aid in the interpretation of a prior one. *Big John's Billiards v. Balka, ante* p. 702, 619 N.W.2d 444 (2000); *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998). If an order denying a county board's petition pursuant to § 77-1504.01 were in fact a species of order issued pursuant to § 77-5028, this amendment would have been unnecessary. The fact that § 77-5019(1) now makes a disjunctive reference to orders pursuant to the two statutes is a clear indication that the Legislature regards the two statutory procedures as separate and distinct and that an order by TERC pursuant to § 77-1504.01 was not subsumed within the legislative classification of orders "pursuant to section 77-5028" under the prior version of § 77-5019(1) which governs this appeal.

## CONCLUSION

Based upon our review of the relevant statutes existing at the time the Board filed its notice of appeal in this action, and the subsequent action by the Legislature in amending § 77-5019(1) to specifically provide for judicial review of orders entered by TERC pursuant to § 77-1504.01, we conclude that such review

was not authorized by § 77-5019(1) prior to its amendment when this appeal was initiated. We therefore lack jurisdiction to review the TERC order of August 6, 1999, and must dismiss this appeal. We note that because of the amendment to § 77-5019(1), our holding in this case will not apply to appeals from orders entered by TERC pursuant to § 77-1504.01 which are commenced subsequent to April 7, 2000, and therefore, the issue we resolve today is likely one of last impression.

APPEAL DISMISSED.

WRIGHT, J., not participating.