16 Neb. App. 639
JAMES L. YELLI, APPELLANT,
v.
BEVERLY NETH, DIRECTOR, STATE OF NEBRASKA, DEPARTMENT OF MOTOR VEHICLES, APPELLEE.
No. A-07-567.
Court of Appeals of Nebraska.
Filed April 15, 2008.
David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.
Jon Bruning, Attorney General, and Milissa D. Johnson-Wiles for appellee.
SIEVERS, CARLSON, and MOORE, Judges.
SIEVERS, Judge.
This case involves the administrative license revocation of a commercial driver's license (CDL), a topic on which there is a paucity of discussion by the Nebraska appellate courts. We ultimately determine that this case is resolved by a jurisdictional defect. Pursuant to our authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2006), we have ordered the cause submitted without oral argument.

PROCEDURAL AND FACTUAL BACKGROUND
On September 19, 2006, a Stanton County deputy sheriff made a traffic stop of James L. Yelli, who was then driving a 53-foot tractor-trailer. According to the deputy, the stop was made on U.S. Highway 275 on the Stanton County-Cuming County line. The deputy testified that he had seen the violation occur west of the east junction of Highway 275 and state Highway 15 on Highway 275 in Stanton County. On the other hand, Yelli testified that he was stopped at mile marker 97, and it is suggested that the encounter occurred in Cuming County. Yelli was ultimately arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Reissue 2004) and submitted to testing which registered .113 of a gram of alcohol per 210 liters of breath. The revocation hearing officer discussed the controversy of where Yelli was stopped and concluded that he accepted the officer's testimony and that the stop occurred at the Stanton County-Cuming County line for a violation occurring west of that location in Stanton County. Beverly Neth, director of the Department of Motor Vehicles (Director), adopted the hearing officer's findings in her revocation.
[1] This revocation is controlled by Neb. Rev. Stat. §§ 60-4,167 through 60-4,167.02 (Reissue 2004). That statutory scheme makes the holder of a CDL subject to administrative revocation for driving a commercial vehicle with a blood alcohol content of .04 or more. See Neb. Rev. Stat. § 60-4,164(5) (Reissue 2004). Therefore, the Director found that Yelli was disqualified from driving a commercial motor vehicle pursuant to Neb. Rev. Stat. §§ 60-4,163 through 60-4,172 (Reissue 2004 & Cum. Supp. 2006), which carries a disqualification of 1 year. The hearing occurred on November 29, 2006, in Stanton, Stanton County, Nebraska. The Director's decision was dated December 6, 2006.
On December 21, 2006, Yelli filed an appeal of the Director's decision in the district court for Holt County, Nebraska. We note that paragraph 5 of the appeal provides as follows: "Venue is appropriate in the District Court of Stanton County, Nebraska because [Yelli] resides in [sic] events leading to [Yelli's] arrest occurred in Stanton County, Nebraska." While the quoted sentence suffers from a lack of proofreading, we take it to be an allegation that the events leading to Yelli's arrest occurred in Stanton County, Nebraska. Despite this allegation, the appeal was filed in the district court for Holt County, Nebraska. The Director filed an answer alleging that the Holt County District Court lacked subject matter jurisdiction, asserting that the appeal needed to be filed in the county where the alleged violation occurred, which was not Holt County. Thereupon, Yelli filed a motion to transfer the matter from the district court for Holt County to the district court for Stanton County, which motion was granted on March 12, 2007. On May 15, the district court for Stanton County affirmed the order of the Director disqualifying Yelli from operating a commercial motor vehicle for 1 year. Yelli has perfected his appeal to this court.

JURISDICTIONAL ISSUE
[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. Dillion v. Mabbutt, 265 Neb. 814, 660 N.W.2d 477 (2003).
[3] Our standard of review is that a jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. Fischer v. Cvitak, 264 Neb. 667, 652 N.W.2d 274 (2002).
While we have earlier alluded to the factual dispute between Yelli and the arresting deputy as to where the violation occurred and where the stop occurred, it is clear that the disputed location is either Stanton or Cuming Countyboth a long way from Holt County, where this appeal was filed. Therefore, the jurisdictional issue does not involve a factual dispute.
[4] This administrative license revocation proceeded under § 60-4,167, which references the CDL of a person who is the subject of the officer's sworn report. Section 60-4,167.02 provides that any person aggrieved because of disqualification pursuant to a hearing under § 60-4,167 "may appeal to the district court of the county where the alleged violation occurred in accordance with the Administrative Procedure Act." There is no dispute that the traffic violation and the arrest for driving while intoxicated did not occur in Holt County.
[5] Turning to the Administrative Procedure Act, Neb. Rev. Stat. § 84-917 (Cum. Supp. 2006) provides that a person aggrieved by a final decision in a contested case is entitled to judicial review. Section 84-917(2)(a) provides that such review "shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency."
In Essman v. Nebraska Law Enforcement Training Ctrs, 252 Neb. 347, 350, 562 N.W.2d 355, 357 (1997), the court said that where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought "'in the mode and manner and within the time provided by statute." Quoting McCorison v. City of Lincoln, 218 Neb. 827, 359 N.W.2d 775 (1984). The Essman decision also refers to the above-quoted portion of § 84-917(2)(a). Essman discusses the phrase "county where the action is taken" as used in § 84-917(2)(a) and reiterates that it is the site of the first adjudicated hearing of a disputed claim. Thus, there is no question that the appeal had to be filed in Stanton County District Court under the Administrative Procedure Act, because that is where the hearing resulting in the disqualification of Yelli's CDL occurred.
[6] Therefore, the filing in Holt County was a nullity, and that court never acquired jurisdiction. Therefore, the Holt County District Court lacked jurisdiction to transfer the appeal to the Stanton County District Court. See Gilmore v. Nebraska Crime Vict. Rep. Bd., 225 Neb. 640, 407 N.W.2d 736 (1987) (if district court lacks appellate jurisdiction because appeal is filed in wrong county, such court lacks jurisdiction to transfer case to proper county). Yelli's appeal cannot be saved by a motion and order of transfer from the district court for Holt County, a court that never had jurisdiction, to the district court for Stanton County, because § 84-917(2)(a) imposes a 30-day time limit in which to file an Administrative Procedure Act appeal. See Gilmore, supra. Accordingly, the Stanton County District Court never acquired jurisdiction, and when the lower court from which the appeal to this court did not have jurisdiction, neither do we. See Schmidt v. State, 255 Neb. 551, 586 N.W.2d 148 (1998) (when lower court does not gain jurisdiction over case before it, appellate court also lacks jurisdiction to review merits of claim).

CONCLUSION
Because Yelli's attempt to obtain judicial review of his administrative license revocation was filed in Holt County District Court, which lacked jurisdiction, such filing was a nullity, as was its order transferring such appeal to the Stanton County District Court, the court having jurisdiction over any such appeal. Since the Stanton County District Court never acquired jurisdiction, this court lacks jurisdiction. Therefore, the appeal is dismissed.
APPEAL DISMISSED.